## 4952. WILLIAMS *v.* THE STATE.

Where a bill of indictment charging murder by shooting with malice was considered by the grand jury, and a return of "true bill for voluntary manslaughter" was endorsed thereon, and the accused joined issue and was convicted of voluntary manslaughter, the judgment of conviction will not be arrested because the offense of murder was charged in the body of the bill.

DECIDED JULY 8, 1913.

Conviction of manslaughter; from Richmond superior court— Judge H. C. Hammond. May 17, 1913.

*Milton C. Barwick,* for plaintiff in error.

*A. L. Franklin, solicitor-general, John M. Graham,* contra.

POTTLE, J. An indictment was prepared by the solicitor-general and presented to the grand jury, charging the accused with the offense of murder, in that he "did unlawfully and with malice aforethought kill and murder one William Brown, by shooting him in the head with a pistol." On this indictment the grand jury made the following finding: "True bill for voluntary manslaughter." The accused was convicted of voluntary manslaughter. He moved in arrest of judgment, on the ground that no true bill was ever found by the grand jury, and that the indictment under which he was tried was not a valid indictment for manslaughter. The motion was overruled, and he excepted.

Of course, there can be no question that if the bill had been found to be true as presented, the accused might have been convicted of voluntary manslaughter. *Reynolds* v. *State,* 1 *Ga.* 222; *Welch* v. *State,* 50 *Ga.* 128 (15 Am. R. 690); *Smith* v. *State,* 109 *Ga.* 479 (35 S. E. 59); *Dickerson* v. *State,* 121 *Ga.* 333 (49 S. E. 275); *Spence* v. *State,* 7 *Ga. App.* 825 (2), 827 (68 S. E. 443). It is contended in behalf of the accused that the finding of the grand jury was virtually a finding of "no bill," since they found that no murder was committed, and, in reaching this conclusion, they considered and acted only upon an indictment in which murder was charged. Had murder alone been involved in the charge as presented to the grand jury, their return must of course have been limited to a finding of true or not true as to that offense; but the language of the indictment, in charging murder, included the lesser offenses of voluntary manslaughter, assault with intent to murder, the statutory offense of shooting at another, assault and

battery, and assault. It was just as though each of these offenses had been set forth in separate counts. If they had been, a finding of "true" as to one count would have rendered all the others nugatory. A finding of "true" as to the charge of voluntary manslaughter is equivalent to the finding of "no bill" as to the higher grade of homicide, and a true bill for voluntary manslaughter, under which a conviction might be had for that offense or any lesser offense involved in an indictment for voluntary manslaughter. If the indictment had in the body of it charged the offense of manslaughter, judgment of conviction would not have been arrested because the facts set forth in the indictment made out the offense of murder. *Camp* v. *State,* 25 *Ga.* 689. It makes no substantial difference that the charge of manslaughter was embraced in the grand jury's return, rather than in the body of the indictment, if the facts therein alleged are sufficient to support the finding. It is true that the indictment in the case just cited did charge a wilful as well as malicious killing, and hence did in terms embrace a charge of voluntary manslaughter, but the bill was treated as one charging murder and such lesser offenses as were involved in a charge of murder by beating. The exact question now under consideration was not involved in that case, but it was discussed, and the contention of the plaintiff in error was fully answered by the Supreme Court in the following excerpt.

"There is ancient authority for saying that if a grand jury return a true bill for manslaughter on a bill for murder, it is void, but the reason assigned for it is not very satisfactory, viz., that the grand jury are not to distinguish between murder and manslaughter, for it is only the circumstance of malice that makes the difference, and that may be implied by law without any facts at all. Bac. Ab. Indictment, Letter O. The same reason would prevent a jury from finding a true bill for either murder or manslaughter on a bill having two counts, one charging murder and the other manslaughter, for they would have to distinguish between them in that case. There is an authority as old as the time of Sir Matthew Hale, that if a bill of indictment be for murder, and the grand jury ignore it as to murder, but find a true bill for manslaughter, the words which give to the charge the distinctive character of murder may be stricken out in the presence of the jury, and leave so much as makes the bill stand barely for man-

slaughter. Ib. The same authority says, the safest way is to deliver the grand jury a new bill for manslaughter. But whatever of doubt hangs over this question in the English courts, there is none here. The grand jury accused the prisoner of manslaughter. The body of the indictment makes a charge of murder. If the grand jury had found a bill throughout for murder, on the trial the petit jury might have acquitted the prisoner of murder and found him guilty of manslaughter. The prisoner is not prejudiced by the change of a single word, manslaughter for murder. He is rather benefited, for he can not be found guilty of murder. He was arraigned on the indictment as it stands and pleaded not guilty. If he wished to demur to the indictment for any matter not affecting the real merits of the charge, he ought to have done it on arraignment, before pleading the general issue. It is too late after pleading the general issue, and undergoing a trial thereon; for no motion in arrest of judgment can be sustained for any matter not affecting the real merits of the offense charged in the indictment." See, also, Wharton's Crim. Pl. & Pr. § 374; 1 Archbold's Crim. Pl. (Pomeroy's ed. of 1877) 311; 3 Burn's Justice (24th ed.), tit. Indictment, VII, p. 44; Cherry v. State, 6 Fla. 679; 22 Cyc. 257; 27 Cent. Dig. 40.

In all probability the objection to the indictment would not have been good if raised by demurrer, but at most it was an exception which went merely to the form of the indictment, and did not affect the real merits of the offense, and could not be taken advantage of by a motion in arrest of judgment. Penal Code, § 980. The accused was not hurt. He was deprived of no right to which he would have been entitled had the offense of voluntary manslaughter been specifically set forth in the body of the bill. A substitution of the word "wilfully" for the words "with malice aforethought," and striking the word "murder," would have made the bill a good indictment for voluntary manslaughter. The effect of the grand jury's return was to make the necessary substitution and elimination. Malice involves intention and something more beside. The grand jury found the intention to have existed, but not the other ingredients of malice. There was enough in the bill to authorize the finding of the grand jury. The court did not err in overruling the motion in arrest of judgment. *Judgment affirmed.*