## 5764.  DAVIS *v.* THE STATE.

1. The lower grades of homicide are embraced in an indictment which charges that the accused "did unlawfully and with malice aforethought kill and murder" a named person "by shooting him in the body with a pistol;" and it is not error to instruct the jury that such an indictment charges the offenses of murder and manslaughter.

2. An instruction to the jury that "the law permits every man charged with a crime to make to the court and jury such statement as he thinks proper in his own behalf" was not subject to exception on the ground that "the law clothes the defendant with the absolute right of making a statement, and it is not a matter of permission."  The additional instruction, that the accused "goes there to make just such statement as he may deem proper in his own behalf," was not subject to the exception that his intent in making the statement was a matter for the jury to determine, and that the instruction invaded their province.

3. Where, on the trial of one charged with murder, who contends that the homicide was justifiable because committed in self-defense in resisting an unprovoked attack upon him, there is nothing in the evidence, or in his statement to the court and jury, to show that he provoked the difficulty, an instruction to the jury that if "a man without fault" believes that another is about to commit a felony upon him, he "would be justified in acting," is not prejudicial to the accused, and therefore not cause for a new trial on the ground that it limits the defense to a faultless person.

4. The evidence authorized the verdict of voluntary manslaughter.

DECIDED JULY 7, 1914.

Indictment for murder; from Richmond superior court—Judge Henry C. Hammond.  March 14, 1914.

*C. A. Picquet*, for plaintiff in error.

*A. L. Franklin, solicitor-general, John M. Graham*, contra.

ROAN, J. The indictment charged that John Davis "did . . unlawfully and with malice aforethought kill and murder one Lonnie Cook by shooting him in the body with a pistol, contrary to the laws," etc. There was but one count in the indictment. From the evidence it appears that the defendant and Lonnie Cook were employed at the Augusta Brewery. On the day of the homicide, Peter Craig, a friend of the decedent, had some words with the defendant, in the early part of the day. Afterwards, according to the defendant's statement, the defendant went to a wagon yard to get a mule for the brewing company, and, upon his return to the company's stable, the decedent was standing in the door, and (without provocation so far as the record shows) cursed him and threw some beer bottles at him, and the defendant ran off, but soon returned to let down the bars, and as he entered the stable, he found the decedent still there, and the decedent again cursed him, threatened to kill him, and advanced upon him with a pitchfork; the defendant warned the decedent to stay off from him and not to advance, but the decedent continued advancing, and the defendant grabbed a pistol, which he had in the stable, and shot the decedent, causing his death. So far as appears from the testimony, there was no eye-witness of the shooting or of what occurred previously between the defendant and the decedent. The jury returned a verdict of guilty of voluntary manslaughter, recommending the defendant to the mercy of the court. The defendant moved for a new trial on the usual general grounds, and on the following additional grounds: (1) Because the court erred in charging the jury as follows: "The grand jury at this term of the court, having returned a bill of indictment against the defendant charging him with the offenses of murder and manslaughter." It is alleged that this was erroneous because the indictment "contained but one count, the same being a charge of murder." (2) Because the court erred in charging as follows: "The law permits every man charged with a crime to make to the court and jury such statement as he thinks proper in his own behalf. He does not make it under oath; he is not subject to examination by his own counsel, nor to cross-examination by the State's counsel, but he goes there to make just such statement as he may deem proper in his own behalf." It is

alleged that this was error because "the law clothes the defendant with the absolute right of making a statement, and it is not a matter of permission;" and because the intent of the defendant in making the statement was a matter for the jury to determine, and the court invaded their province by stating that the defendant ".goes there to make such statement as he may deem proper." (3) Because the court erred in charging the jury as follows: "Now I give you a further principle of law, and that is that if a man without fault on his own part really believes that another man is about to commit a felony upon him, then, even though there is no actual danger, a seeming necessity will be accepted in law as a real necessity, and he would be justified in acting, if he in good faith believed that an actual assault of that character was about to be made upon him." It is alleged that this was error because it limited the defense to a faultless person, and a party may be in fault to some extent and yet not be deprived of the defense of reasonable fear.

1. Where an indictment charges the offense of murder, this charge embraces the lesser grades of homicide, and in the present case the court committed no error in charging the jury that the indictment charges the defendant with the offenses of murder and manslaughter. See *Spence* v̇. *State*, 7 *Ga. App.* 827 (2) (68 S. E. 443) ; *Williams* v. *State*, 13 *Ga. App.* 83 (78 S. E. 854).

2. The ground of the motion for a new trial in which error is assigned on an excerpt from the charge of the court wherein the jury were instructed that the law "permits" the defendant to make such statement as he sees fit is without merit. The law does not compel a defendant charged with a crime to make a statement, but it permits him to do so; and it permits him to make just such statement as he thinks proper in his own behalf. This charge accords with the law on this subject. Penal Code, § 1036.

3. The exception taken to that portion of the charge set out in the last ground of the motion for a new trial we hold was not error prejudicial to the defendant; for, by an examination of the record in this case, we find nothing in the evidence for the State or in that of the defendant, or in his statement, that in the least would show or tend to show that the defendant was in fault in bringing on or provoking the difficulty that resulted iṅ the homicide. If it appeared, from any phase of the evidence or of the defendant's statement, that the defendant was at fault in bringing on or pro-

voking the difficulty that resulted in the homicide, but that this fault on his part was not sufficient provocation to justify the deceased in making a felonious assault upon him, then such a charge as is contained in the excerpt mentioned would have been harmful and prejudicial to the defendant (*Boatwright* v. *State,* 89 *Ga.* 140, 15 S. E. 21; *Butler* v. *State,* 92 *Ga.* 602 (5), 19 S. E. 51; *Smaars* v. *State,* 131 *Ga.* 27, 61 S. E. 914); but as the record not only fails to show this, but shows the contrary, we hold that this portion of the charge was not prejudicial to the defendant.

4. The charge of the court as a whole was a full, fair, and able presentation of the law on the grades of homicide involved in this case. Under the evidence the jury were authorized to find the defendant guilty of voluntary manslaughter; and as the able judge who presided on the trial approved the verdict, no reason appears to us why the judgment overruling the motion for a new trial should be disturbed. *Judgment affirmed.*

RUSSELL, C. J., dissenting. I can not approve, as a proper instruction upon the defendant's statement, the charge that the defendant goes upon the stand "to make just such statement as he may deem proper in his own behalf." In my opinion, the phraseology in which this instruction was couched would generally tend to depreciate the statement. And since I differ with my brethren in my views as to the effect of the evidence, and am compelled to hold that the defense predicated upon reasonable fears is not restricted to a faultless person, I am constrained to dissent from the judgment of affirmance.