### 41709, 41710.   POWERS v. AMERICAN NATIONAL BANK (two cases).

FRANKUM, Judge.   American National Bank, in separate actions, sued Ed L. Powers on two promissory notes aggregating in their principal amounts $25,500. To each suit Powers filed an answer, duly verified, in which he admitted the execution of the notes, that they were past due and unpaid, and that notice to collect attorney's fees had been given. For further plea and answer the defendant alleged that when the notes were past due he went to the vice-president of the plaintiff bank and informed him that due to his financial condition he was contemplating bankruptcy, and that the vice-president told him that if he would not go into bankruptcy, the American National Bank would settle with him for $2,000, if he could settle with his other creditors on a 10 per cent or less basis; that he accepted this offer, and thereafter proceeded to negotiate a settlement with all of his other creditors, paying them off on a 10 percent or less basis, and that he then obtained a cashier's check in the amount of $2,000 (this amount being approximately 10 percent of the balance due on the two notes after allowing credit for payments thereon); that he

"sought to present" the aforesaid check to the president of the plaintiff bank, who advised him that he would not settle for that amount and demanded full payment. After this answer was filed the plaintiff moved for a summary judgment, attaching thereto the deposition of the defendant in which it appeared that the defendant had never actually tendered the check to the plaintiff in satisfaction of the plaintiff's demand. ■ The allegations of the defendant's answer are clearly insufficient to bring his defense within the purview of the first sentence of or first clause in the second sentence of *Code* § 20-1201, in that it does not appear from the allegations of the answer that the alleged new agreement has been fully executed or expressly agreed between the plaintiff's representative and the defendant that the new agreement, in and of itself, was to amount to a satisfaction of plaintiff's prior claim. Under the second clause of the second sentence of *Code* § 20-1201, however, where the new promise is founded on a new consideration, the subsequent agreement alone shall constitute a sufficient consideration for the satisfaction of the prior claim, and it has been held that the promise of the debtor to forego bankruptcy so as not to imperil the creditor's chances of collecting the debt at all is a sufficient consideration for the promise of the creditor to take a lesser sum in discharge of the debt. *Dawson v. Beall,* 68 Ga. 328 (1); 1 Am. Jur. 2d 338, Accord and Satisfaction, § 38, note 13. The defendant's plea and answer brought this case within this latter rule, and the testimony of the defendant on his deposition supported his plea and answer and made an issue for the jury as to whether there had been such a new agreement and as to what were its terms.

2. The rule enunciated in *Taylor v. Central of Ga. R. Co.,* 99 Ga. App. 224 (1) (108 SE2d 103), that it is essential that the satisfaction agreed to in the accord be fully executed, and if any part thereof be executory, it is not sufficient as a defense to an action on the prior claim, was simply a statement of the rule contained in the first sentence of *Code* § 20-1201, which deals with those cases where the accord is not supported by any new consideration. Such rule is not applicable where the agreement itself shows either an express understanding by the parties thereto that it shall itself operate as a discharge of the prior contract, or where the new promise of the creditor is supported by a new consideration amounting to a benefit to the creditor or a detriment to the debtor. If this were

not so, there would be no distinction between those cases coming within the first sentence of *Code* § 20-1201 and those falling under the second sentence of that Code section. The defendant's plea and answer place this case in the latter category.

3. While, in cases within this class, even though the new agreement be supported by a sufficient new consideration, tender by the debtor of the amount agreed by the creditor to be accepted in satisfaction of the prior claim might be necessary in order for the debtor to avail himself of the defense of accord and satisfaction, tender is not necessary where the party to whom it is due indicates that it would not be accepted if made. *Southern Life Ins. Co. v. Logan,* 9 Ga. App. 503, 507 (71 SE 742); *Rogers v. Citizens Bank of Greensboro,* 92 Ga. App. 399, 405 (88 SE2d 548); *Groover v. Brandon,* 200 Ga. 153, 165 (36 SE2d 84); *Williams v. Blanton,* 211 Ga. 491, 493 (86 SE2d 504). The testimony of the defendant given on his deposition taken by the plaintiff, if believed by a jury, would have authorized a finding that the plaintiff's president had indicated to the defendant that a tender would not be accepted if made, and this would have authorized a finding for the defendant on this issue.

4. Under the pleadings and the evidence adduced before the trial court on the hearing of the motion for a summary judgment, and under the rules of law applicable thereto, a jury question was made at least as to whether the parties had reached an accord supported by a sufficient new consideration, and as to whether the defendant had fully performed all that was required of him so as to be entitled to compel the plaintiff to accept, under the alleged agreement, a lesser sum than the full amount of the original indebtedness. It follows that the trial court erred in sustaining the plaintiff's motion for a summary judgment and in entering a judgment for the plaintiff in the amount sued for, in the absence of a jury verdict resolving these issues.

*Judgments reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED JANUARY 3, 1966—DECIDED MARCH 10, 1966.

*Gibbs & Leaphart, Alvin Leaphart,* for appellant.
*Zorn & Royal, William A. Zorn,* for appellee.