## 51582. SOWARDS v. THE STATE.

Deen, Presiding Judge.

1. The defendant was tried and convicted on an accusation charging him with removing and transferring the inventory of the Village Market, consisting of groceries, toys and like items, with intent to hinder enforcement of a security interest therein. The undisputed evidence was that Sowards bought the business, including a right to sublease the premises, and secured his note with collateral consisting of furniture, fixtures, equipment and "inventory consisting of the value of $4,500," in September, 1973. The business was

not a success and monthly installments were not paid. The vendor filed suit on the note and obtained a consent judgment in September, 1974. No levy was made. The defendant abandoned the enterprise the following month and moved into other leased grocery store premises a few blocks away in October. At some undetermined later period he went into bankruptcy, at which time the inventory of the current enterprise was valued at over $14,000. He appeals from the conviction and from the denial of his motion for a directed verdict of acquittal.

2. Nothing in the security instrument required the defendant to keep his store inventory of groceries and other goods for sale at any particular location. Under Code § 109A-9—205 a security interest is not invalid or fraudulent against creditors because property is commingled with other property of like kind, or the proceeds commingled, or because it is sold or otherwise disposed of. Thus floating liens against inventory, except insofar as the security instrument itself may stipulate otherwise, are perfectly valid and the debtor has no legal responsibility for keeping the latter sequestered. In re Little Brick Shirthouse, Inc., 347 FSupp. 827, 829, it was held that "it is unnecessary [to the validity of the instrument] to set forth the address where collateral is to be located, in the description of the collateral, whenever it is obvious or readily inferable that the type of collateral covered would naturally be located in those places where the debtor does business." The mere fact that this defendant moved his business from one location to another, and that he commingled the inventory of the two is, in the absence of a stipulation to the contrary in the security instrument itself, in no way illegal.

3. The burden is on the state to prove every element of the crime charged. Code § 26-1707 makes it a misdemeanor to remove or transfer property subject to a security interest with intent to hinder enforcement of that interest. There is no evidence anywhere in this record which might suggest that moving the location where he did business endangered the defendant's collateral. On the contrary, it appears that the prosecutor had reduced his lien to judgment and might have levied it on current inventory either before or after the move, and also that

inventory at the time the debtor ceased doing business was sufficient to cover the collateral three times over. It should also be noted that any secured interest in commingled inventory would be protected under Code § 109A-9—315 which provides that if a security interest in goods is perfected and subsequently the goods become part of a "mass" the security interest in such mass continues if the goods are so commingled that their identity is lost in the product or mass. This would seem to apply to a combined inventory where one business is merged in another.

4. That which a citizen may legally do may never be punished as a crime. Nothing appears from this record except the fact that the defendant attempted to run two consecutive small retail enterprises and failed at both. The trial court erred in denying the motion for a directed verdict of acquittal.

*Judgment reversed. Quillian and Webb, JJ., concur.*

ARGUED JANUARY 14, 1976 — DECIDED JANUARY 29, 1976.

*Richard M. Nichols, Tyron C. Elliott,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.