## 59788. CARTER v. THE STATE.

Carley, Judge.

Appellant brings the instant appeal from his conviction of voluntary manslaughter in connection with the September, 1978 stabbing death of Roger Simmons.

1. Appellant's first trial ended in a mistrial. Shortly after the start of his retrial on August 14, 1979, appellant filed a document entitled "General Demurrer" in which he attempted to challenge the legal sufficiency of the indictment returned against him on the basis of certain "alterations" made to the back of the indictment by the Hall County Grand Jury. The body of the indictment specifically charged appellant with the crime of murder, but the grand jury returned the indictment with the words "True Bill — Voluntary Manslaughter" written on its back. In addition, the grand jury pencilled through the word "murder" on the back of the indictment and drew an arrow from this alteration to the "voluntary manslaughter" notation.

Appellant was tried for voluntary manslaughter and the lesser included offenses. He now contends that the alterations rendered the indictment defective and that the trial court erred in overruling his demurrer.

"A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment." *Bramblett v. State,* 239 Ga. 336, 337 (236 SE2d 580) (1977). Despite the fact that appellant

captioned this pleading as a "general demurrer," it is clear that the challenge presented by the demurrer was to the *form* of the subject indictment rather than its *substance*. See *Camp v. State,* 25 Ga. 689 (1858); *Williams v. State,* 13 Ga. App. 83, 85 (78 SE 854) (1913). Appellant's demurrer must, therefore, be classified as a *special* demurrer.

"According to Code §§ 27-1501 and 27-1601, all demurrers to the form of the indictment (i.e., special demurrers) must be made at or before arraignment. Special demurrers not made at or before arraignment are waived." *Bramblett v. State,* supra at 337. See also *Frady v. State,* 212 Ga. 84 (1) (90 SE2d 664) (1955); *Burns v. State,* 191 Ga. 60, 63 (11 SE2d 350) (1940). Since appellant did not file his demurrer to the subject indictment until after the commencement of his retrial, the demurrer was not timely filed and thus was properly overruled by the trial court. See *Dillard v. State,* 147 Ga. App. 587 (2) (249 SE2d 640) (1978).

Furthermore, appellant's demurrer would have been without merit even had it been timely filed. The alterations made by the grand jury to the subject indictment did not prejudice or mislead appellant in any way, as the alterations simply removed from consideration the greater offense of murder and charged appellant with the crime of voluntary manslaughter. See *Williams v. State,* supra at 85. "As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against prosecution for the same offense, the indictment is sufficient." *Hopper v. Hampton,* 244 Ga. 361, 362 (260 SE2d 73) (1979). The indictment returned against appellant in the instant case was sufficient to withstand appellant's challenges.

2. In his second enumeration of error appellant asserts that the trial court erred in charging the jury on the law of flight. The record in this case discloses that appellant failed to object to this portion of the charge even when specifically asked by the trial court if there were any exceptions to the charge as given. Consequently, appellant waived his right to enumerate as error the trial court's charge on the law of flight by failing to respond appropriately to the court's inquiry concerning objections to the charge. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted April 10, 1980 — Decided June 12, 1980 — Rehearing denied June 24, 1980 — 

*John N. Crudup,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.