## 63524. PHILLIPS v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried, and convicted of fleeing or attempting to elude a police officer, reckless driving, laying drags, operating a motor vehicle with defective tail lamps, and speeding. Following the denial of his motion for new trial, appellant appeals.

1. Error is enumerated on the trial court's overruling of appellant's demurrer to count one of the indictment which charged him with the offense of attempting to elude a police officer. "As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against another prosecution for the same offense, the indictment is sufficient. [Cits.] We find these criteria are met here and hold the indictment sufficient." *Hopper v. Hampton,* 244 Ga. 361, 362 (260 SE2d 73) (1979). Accord, *Carter v. State,* 155 Ga. App. 49 (1) (270 SE2d 233) (1980). See *Bill v. State,* 153 Ga. App. 131 (1) (264 SE2d 582) (1980).

2. Appellant next asserts that the trial court erred in denying his motions for directed verdict of acquittal and new trial which raised the issue of the sufficiency of the evidence in connection with the offense of fleeing or attempting to elude a police officer.

"No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." Code Ann. § 26-501. *Sowards v. State,* 137 Ga. App. 423, 424 (3) (224 SE2d 85) (1976). Code Ann. § 68A-904 (a) which makes it a misdemeanor for any driver of a vehicle to flee or attempt to elude a police officer when given a signal to stop specifically provides that: "The officer giving such signal shall be in uniform prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle."

The record in the instant case is devoid of any evidence that the officer who signaled appellant to stop was in uniform prominently displaying his badge of office or that the officer's vehicle was appropriately marked showing it to be an official police vehicle. Since

the state failed to prove essential elements of the offense charged, the trial court erred in denying appellant's motion for directed verdict of acquittal and in overruling his motion for new trial predicated on the general grounds. Since no violation of Code Ann. § 68A-904 (a) is shown unless the evidence demonstrates that the officer allegedly eluded was in the required uniform and that his vehicle was appropriately marked, the state's contention that any evidentiary deficiency in this regard is harmless is meritless. *Sowards,* 137 Ga. App. at 424, supra. Accordingly, appellant's conviction of count one of the indictment must be reversed.

3. We find that a rational trior of fact could reasonably have found from the evidence presented at trial proof of his violation of Code Ann. § 68-1705 (a) beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant's convictions of laying drags, reckless driving and speeding are not violative of Code Ann. § 26-506. Each offense was established by proof of different facts and the evidence shows that the three offenses occurred at separate times and locations during the pursuit of appellant's vehicle. Neither offense was included in the other as a matter of fact or law. See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). Cf. *Rollins v. State,* 154 Ga. App. 585, 588 (6) (269 SE2d 81) (1980). Accordingly, a separate sentence for each offense was properly imposed.

5. Appellant contends that the trial court's charge on alibi was incomplete. The charge on the defense of alibi was substantially similar to that approved in *Jordan v. State,* 235 Ga. 732, 737 (8) (222 SE2d 23) (1975), and *Jackson v. State,* 141 Ga. 567 (1) (234 SE2d 94) (1977). "Accordingly, we find no error and if [appellant] had desired '(a)ny fuller instruction' [he] should have requested it. [Cit.]" *Collins v. State,* 146 Ga. App. 857, 861 (3) (247 SE2d 602) (1978). Moreover, the transcript reveals that appellant has waived any right to enumerate error with regard to the trial court's instructions on the alibi defense. "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure . . . ., of reserving the right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, [appellant] has waived the right to raise the issue on appeal." *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855) (1980).

6. "No demonstration of reversible error has been made with regard to [appellant's] contention that . . . the district attorney, in violation of Code Ann. § 81-1009, improperly expressed opinions or made improper argument to the jury." *Boatright v. State,* 150 Ga. App. 283, 284 (3) (257 SE2d 314) (1979).

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 27, 1982.

*Floyd M. Buford,* for appellant.
*Joseph H. Briley, District Attorney, Craig M. Childs, Assistant District Attorney,* for appellee.