## 75130. BRUCE TILE COMPANY v. COPELAN.
### (364 SE2d 603)

POPE, Judge.

Appellant Bruce Tile Company contracted to furnish materials and labor for installation of floor and wall tiles for a condominium development in Destin, Florida, known as The Seafarer. All negotiations were conducted between personnel of Bruce Tile Company and appellee George Copelan. The development was owned by Seafarer, Inc., a now defunct corporation, for which appellee Copelan served as president. Because appellant was not paid in full under its contract, appellant filed a materialman's lien against the property. Subsequently, an individual named Rudy Bartholomew worked out a plan with the construction lender to avoid bankruptcy on the project. Appellant entered into a written agreement with Bartholomew to waive its lien as to three of the condominium units in exchange for a promise from Bartholomew that appellant would be paid with interest plus an additional $250 from the proceeds of the sale of these units. Appellant brought this action against appellee Copelan to recover $31,319.12 which remains unpaid on its account for the condominium project.

Appellee Copelan answered setting forth two defenses. First, Copelan claimed he is not individually liable to appellant because the contract was made in his representative capacity as agent for Seafarer, Inc. Secondly, Copelan claimed appellant's action is barred by accord and satisfaction. A jury verdict was returned for Copelan and Bruce Tile Company now appeals.

1. Appellant enumerated sixteen separate errors. Rule 15 (c) (1) of the Court of Appeals requires that the argument be set forth in the same sequence as the enumeration of errors and requires the se-

quence of the argument to be numbered correspondingly. In violation of this rule, the sequence of this appellant's argument bears no relation to its enumeration of sixteen errors. Instead, appellant informs us in its brief that its enumeration of errors may be addressed in three broad categories with three additional sundry errors left over. We would have no problem with appellant's approach if, within the three sections of its argument, it had identified the particular errors to which any given paragraphs applied. Unfortunately, appellant failed to inform us which of its sixteen alleged errors fit within the three sections of its argument. Since the argument clearly does not follow the enumeration of errors in the order they are set forth, we are left simply to guess which errors are addressed within any given section of the argument. Notwithstanding this deficiency, we are required by statute to consider the appeal. OCGA § 5-6-48 (f); *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548 (340 SE2d 207) (1986). Accordingly, we will address the errors raised by appellant according to the broad categories under which they are argued.

2. First, appellant argues the trial court erred in permitting appellee to introduce parol evidence to vary the terms of written contracts. The issue first arises in regard to the testimony of appellee that he dealt with appellant only in his representative capacity for Seafarer, Inc. Appellant argues this testimony contradicts the terms of the written document which appellee signed giving no indication of his agency for the corporation. However, this document is not a contract. Appellant's Exhibit 3 is simply a written proposal setting forth two different prices depending upon the type of tile chosen by the developer. Although appellee signed the proposal, his signature cannot indicate acceptance of an offer sufficient to form a contractual agreement since nowhere on the face of the document is there any indication which of the two proposals he is accepting. It is undisputed that appellee accepted the less costly of the two offers by telephone several months after the written proposal was submitted. Therefore, the agreement for installation of the tile was an oral contract. Even in the case of a written contract, parol evidence is admissible to show the capacity in which an individual signed the contract. *Hawkins v. Turner*, 166 Ga. App. 50 (1) (303 SE2d 164) (1983). Since this was clearly a parol contract, it was proper to admit testimony as to the identity of the parties to the contract and the capacity in which appellee acted.

The parol evidence issue also arises in regard to the testimony of appellee that appellant agreed to release appellee from any obligation for the outstanding balance on the account when appellant entered into the agreement with the third party, Bartholomew. Appellant argues this testimony improperly varies the terms of the written agreement with Bartholomew. The evidence clearly shows that the written

agreement with Bartholomew does not purport to release or satisfy the obligation on the separate contract with appellee. We note that the original agreement between the parties to this action was oral to begin with. Appellee's testimony that he was released from liability on the account was not offered to alter the written agreement with Bartholomew but to establish a separate oral agreement of accord and satisfaction between the parties in consideration for the liability assumed by Bartholomew. "There is nothing to prevent an accord and satisfaction resulting from an oral transaction." *Wood v. Yancey Bros. Co.*, 135 Ga. App. 720, 721 (218 SE2d 698) (1975). Therefore, we find the parol evidence rule was not violated.

Appellant also argues the court erred in refusing to instruct the jury as to certain of appellant's requests to charge. Since these requests are not contained within the record we cannot address these alleged errors. We find no error in the instructions which were given to the jury.

3. In the second broad category of appellant's enumeration of errors, appellant argues it was entitled to a finding as a matter of law that it was appellee individually, and not the corporation of which he was president, who is liable for credit extended on the account. Appellant offered into evidence certain invoices mailed to appellee which show appellee as the debtor on the account. Because appellee never responded by objecting to these invoices, appellant argues they create a presumption, pursuant to OCGA § 24-4-23, that appellee is liable individually for the account and that appellee failed to rebut that presumption. The evidence shows appellant filed a materialman's lien in Florida attesting that it was due money from a "contract with George Copelan, Seafarer, Inc." This admission against appellant's interest was sufficient evidence by which a jury could find that the presumption in favor of appellant had been rebutted. An issue of fact for jury determination was created on the identity of the party which contracted with appellant.

4. Next, appellant argues appellee failed to carry his burden of proving the affirmative defense of accord and satisfaction of the debt. As noted in Division 2 of this opinion, appellee offered testimony that an oral agreement was reached that appellant would release appellee from its obligation in consideration for the separate agreement entered into between appellant and Bartholomew. Thus, three separate contracts are involved in this case: First, the original oral agreement between appellant and either appellee Copelan or his corporation for the laying of tile; second, the written agreement between appellant and Bartholomew for payment on the original contract plus an additional sum with interest; and third, the testimony of appellee that appellant released him from liability on the original contract in exchange for the promise from Bartholomew. When the second and

third contracts are considered together, the jury could find the agreement with Bartholomew was a novation of the original agreement because it substitutes a new party to the original obligation and offers new and additional consideration for the original contract. It appears that the new promise made with the third party Bartholomew was never performed. However, where a new promise is founded on new consideration the mere taking of the promise is a satisfaction of the former agreement. OCGA § 13-4-101; *Powers v. American Nat. Bank*, 113 Ga. App. 302 (1) (147 SE2d 791) (1966). Whether there is accord and satisfaction of an obligation is generally a question for the jury. *Woodstock Rd. &c. Properties v. Lacy*, 149 Ga. App. 593 (1) (254 SE2d 910) (1979). Sufficient evidence was presented from which the jury could find the novation furnished the consideration for an accord and satisfaction of the original agreement between the parties to this action.

5. We have considered the remaining errors raised by appellant and find them to have no merit.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 4, 1988.

*John H. Watson*, for appellant.
*Thomas M. Flournoy, Jr.*, for appellee.