A93A0781. HOLTAPP v. CITY OF FAYETTEVILLE.
(431 SE2d 403)

JOHNSON, Judge.

Collin Holtapp was charged on a uniform traffic citation with speeding and driving under the influence of alcohol. After waiving her right to a trial by jury, the case was tried in the Municipal Court of the City of Fayetteville. The speeding charge was dismissed because the city was unable to produce the applicable ordinance which was in effect at the time of the arrest. Holtapp was found guilty of driving under the influence and appeals the affirmation of her conviction on

appeal by the Superior Court of Fayette County.

1. In her first enumeration of error, Holtapp asserts that the DUI conviction is void because the uniform traffic citation alleged violation of a local ordinance and there was no evidence or proof that the City of Fayetteville had enacted such an ordinance. The citation notes a violation of OCGA § 40-6-391 (a) (4), and indicates with an "x" that this offense is a local ordinance rather than state law. Holtapp did not question whether the prosecution was proceeding on the DUI charge under state law or local ordinance. In numerous pre-trial motions Holtapp asserts that she was charged with the offense of violating OCGA § 40-6-391. Similarly, the city referred to OCGA § 40-6-391 (a) (4) in its responses. Therefore we must conclude that Holtapp believed that she was charged with violation of OCGA § 40-6-391 (a) (4) and acquiesced to be tried on that charge. "An appellant cannot complain of a result his own procedure or conduct aided in causing. [Cits.]" *Wilburn v. State,* 199 Ga. App. 667, 669 (2) (405 SE2d 889) (1991). At trial, all of the elements of OCGA § 40-6-391 (a) (4) were proven and a conviction rendered. "When trial has been had . . . where no prejudice to defendant has occurred though the indictment or accusation or citation is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice. . . . Upon a proceeding after verdict, no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the indictment or accusation or citation. Thus, a defendant who was not misled to his prejudice by any imperfection in the indictment or accusation or citation cannot obtain reversal of his conviction on that ground." (Citations and punctuation omitted.) *Broski v. State,* 196 Ga. App. 116, 118 (1) (395 SE2d 317) (1990). We can find no prejudice to Holtapp from the failure to try her on a "perfect" uniform traffic citation. We also note that Holtapp did not raise the issue of whether the DUI charge was premised on a valid city ordinance prior to the appeal to the superior court. "Grounds enumerated as error but not raised during trial may not be raised for the first time on appeal. Enumerated errors which raise issues for the first time on appeal present nothing for review." (Citations and punctuation omitted.) *Thrasher v. State,* 204 Ga. App. 413, 415 (4) (419 SE2d 516) (1992).

2. Holtapp contends that the evidence was insufficient to support the verdict because the prosecution failed to prove that she was driving the car. Holtapp and her sister testified at trial that Holtapp was not the driver. The arresting officer, however, testified that he observed Holtapp get out of the driver's side of the vehicle when it came to a stop and further testified that no one suggested until the day of the trial that anyone other than Holtapp was driving. Holtapp stipulated to the results of an intoximeter test indicating a blood-alcohol

level of .16. Construing the evidence in the light most favorable to the verdict, we find that there was sufficient evidence to support the court's finding that Holtapp was guilty of driving under the influence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Holtapp is correct in suggesting that the sentence imposed violates the ex post facto protections afforded by Article I, Sections 9 and 10 of the United States Constitution and Article I, Section I, Paragraph 10 of the Constitution of the State of Georgia of 1983. Holtapp committed the DUI offense on November 11, 1990. The enhanced sentencing provisions contained in OCGA § 40-6-391 (c) (3) (A) (under which Holtapp was sentenced) did not become effective until January 1, 1991. " 'It is the settled law of this State that where a crime is committed on a certain date, the penalty which attached to the crime on that date is the penalty exacted by our law . . . [T]he *ex post facto* laws prohibited by the State and Federal Constitutions refer . . . to laws which . . . increase the punishment . . . It was mandatory for the trial court to impose the sentence provided for by the law in force at the time of the commission of the crime.' *Barton v. State*, 81 Ga. App. 810, 814 (60 SE2d 173) (1950)." *Hahn v. State*, 166 Ga. App. 71, 74 (1) (303 SE2d 299) (1983). The sentence is vacated and the case remanded to the trial court for resentencing with direction that the new sentence be in accordance with the provisions of statute in effect on November 11, 1990.

*Judgment affirmed in part, reversed as to the sentence and case remanded with direction. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 27, 1993 —
RECONSIDERATION DENIED MAY 5, 1993

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.
*Oliver, Duckworth, Sparger & Winkle, David P. Winkle*, for appellee.