S94G0734. PAULIN et al. v. OKEHI et al.
(449 SE2d 291)

THOMPSON, Justice.

In this medical malpractice action brought by Mr. and Mrs. Paulin, the Court of Appeals affirmed the trial court's grant of summary judgment to defendants, Dr. Okehi and his professional corporation, on the ground that the affidavit of plaintiffs' expert in opposition to summary judgment, based solely on recitals in uncertified medical records, was insufficient to create a factual issue for trial. *Paulin v. Okehi*, 211 Ga. App. 752 (440 SE2d 486) (1994). We granted the writ of certiorari and reverse the judgment of the Court of Appeals.

The complaint alleged negligence in failing to diagnose a tubal pregnancy which resulted in the rupture and removal of Mrs. Paulin's remaining fallopian tube. After discovery, defendants filed their motion for summary judgment, supported by Dr. Okehi's affidavit in which he averred that he met the appropriate standard of care and was not negligent in his treatment of Mrs. Paulin. In opposition, plaintiffs submitted the affidavit of a board certified radiologist who recited that he had reviewed defendants' office records and records of Mrs. Paulin's hospitalization at the Medical Center of Georgia. Based on his evaluation of a sonogram study performed in Dr. Okehi's office, he concluded that defendant had deviated from the standard of care

by performing a substandard sonogram, incorrectly interpreting the results, and failing to diagnose a tubal pregnancy. Uncertified copies of both the office and hospital records were appended to the affidavit. In addition, plaintiffs filed a "certificate of counsel," attaching the medical records and certifying that the documents had been produced by Dr. Okehi in response to plaintiffs' request for said records.

With permission of the court, the record was supplemented with Dr. Okehi's deposition. Dr. Okehi was questioned at length concerning his treatment of Mrs. Paulin and the interpretation of the sonogram study, as reflected in his office records. Although the office records were uncertified, Dr. Okehi acknowledged their authenticity during his sworn deposition and copies were appended in their entirety as an exhibit to the deposition.[1]

It is the office records which form the basis for the opinion of plaintiffs' expert that Dr. Okehi deviated from the acceptable standard of care in performing the sonogram and misinterpreting the results. Under the circumstances, those records should not be ignored for lack of certification.[2] *Hall v. Okehi*, 194 Ga. App. 721 (1) (391 SE2d 787) (1990). It is the policy of this Court whenever possible to seek "substantial justice and judicial economy rather than strict compliance with procedural technicalities." *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984). We hold that the office records produced and authenticated by defendant physician and placed in the record were sufficient support to plaintiffs' opposing affidavit as to satisfy the requirements of OCGA § 9-11-56 (e).

*Judgment reversed. All the Justices concur, except Fletcher and Carley, JJ., who concur in the judgment only.*

DECIDED NOVEMBER 7, 1994.

*Hallman & Stewart, Ronald W. Hallman, Berrien L. Sutton,* for appellants.
*Knight & Fisher, Joy H. Fisher,* for appellees.

---

[1] Photographs of the ultrasound study containing the notations of Dr. Okehi's technician are appended to the affidavit of plaintiffs' expert and accompany the certificate of plaintiffs' counsel; however, Dr. Okehi's office summaries do not appear in the record until submitted as an exhibit to his deposition.

[2] We do not imply that uncertified or unsworn hospital records alone will satisfy the requirements of OCGA § 9-11-56 (e) so as to create a factual issue for trial.