## A94A2428. JOHNSON v. BRUECKNER et al.

(453 SE2d 76)

BLACKBURN, Judge.

The appellant, Sara Johnson, filed the instant action for damages against the appellees, Dr. Lawrence T. Brueckner and Gwinnett Orthopedic Surgery, P. C. (hereinafter referred to as Gwinnett Orthopedic), alleging that Dr. Brueckner was negligent in performing surgery on her right wrist and negligent in failing to advise her of all of the risks involved with the surgery. Johnson did not file an expert affidavit contemporaneously with the filing of the complaint as required under OCGA § 9-11-9.1, but attached to her complaint a medical record in which Dr. Brueckner acknowledged that he inadvertently severed the median nerve of her right hand during surgery. Johnson averred in her complaint that this statement was an admission of negligence and hence eliminated the need for compliance with OCGA § 9-11-9.1.

Dr. Brueckner and Gwinnett Orthopedic raised this lack of an expert's affidavit as a defense in their answer, and thereafter, moved to dismiss the complaint, or in the alternative, for summary judgment in their favor, based upon Johnson's failure to comply with the statute. Following a hearing, the trial court dismissed the complaint, concluding that the acts and omissions of negligence alleged therein required the exercise of some medical skill and judgment on the part of the physician, and therefore an expert affidavit was required. This appeal followed.

1. OCGA § 9-11-9.1 specifically requires the contemporaneous filing of an expert affidavit in any action for damages involving professional negligence. "The expert's affidavit prerequisite serves a salutary purpose, which is to reduce the number of frivolous malpractice suits being filed. The plaintiff is simply required to show at the outset that it is not a frivolous suit. This serves to prevent putting a professional to great expense and adversely affecting his or her professional reputation unjustifiably. It also serves to prevent the clogging of the courts with such suits, which merely increase the costs of operating the courts and delay the resolution of meritorious suits. It simply contemplates that parties allegedly damaged by malpractice show up

front, by expert's affidavit, that they have some evidence of malpractice, which by its nature can be established only by professional or expert testimony." (Citations and punctuation omitted.) *Gillis v. Goodgame*, 199 Ga. App. 413, 416-417 (404 SE2d 815) (1991), rev'd on other grounds, 262 Ga. 117 (414 SE2d 197) (1992).

While the medical records attached to the complaint demonstrate that Johnson's claim is not frivolous and therefore satisfies the purpose for which the statute was enacted, that is, to eliminate the filing of frivolous actions challenging the reputation of professionals, "[w]e are without authority to say § 9-11-9.1 does not apply and the plaintiff shall *not* be required to file such an expert affidavit. . . . If we were to say so, we would be repealing the act by violating its terms. We see no exception to it in this case, and no way to sustain the plaintiff's *action* for professional malpractice without her having complied with the mandatory provisions of § 9-11-9.1." *Barr v. Johnson*, 189 Ga. App. 136, 138 (375 SE2d 51) (1988).

Dr. Brueckner's admission of inadvertence in the attached medical records does not excuse plaintiff's failure to comply with OCGA § 9-11-9.1. While such an admission against interest is admissible as evidence and may be sufficient to present an issue of fact for jury resolution in response to a motion for summary judgment, see OCGA § 24-3-31; *Bruce Tile Co. v. Copelan*, 185 Ga. App. 469 (3) (364 SE2d 603) (1988), OCGA § 9-11-9.1 imposes an initial pleading requirement on a plaintiff which must be complied with prior to the consideration of any evidentiary matters on the merits of a professional negligence claim. Cf. *Robinson v. Starr*, 197 Ga. App. 440 (2) (398 SE2d 714) (1990). Our Supreme Court has recently held that uncertified medical records were *sufficient to support* plaintiff's medical expert *affidavit* where the records in question were the defendant's office records and defendant deposed that said records were accurate and were true copies of the originals. See *Paulin v. Okehi*, 264 Ga. 604 (449 SE2d 291) (1994). In the subject case, the defendant also admitted the accuracy of the subject uncertified medical records in his verified answer. Here, unlike *Paulin*, however, there was no affidavit filed by plaintiff and the medical records standing alone are insufficient to meet the requirements of OCGA § 9-11-9.1.

"If the legislature sets forth a specific statutory means by which the plaintiff judicially enforces her cause of action, she must follow that law, or her action is subject to dismissal. OCGA § 9-11-41 (b)." *Barr*, supra at 137.

The mandatory language of the statute does not permit this court to ignore the affidavit requirement of OCGA § 9-11-9.1, even though justice may not be served and plaintiff will be denied her day in court, by our application of said statute in this case. We are not empowered to amend the lawful acts of the legislature. Perhaps the legis-

lature should reconsider the appropriateness of OCGA § 9-11-9.1, in view of its effect on the function of the courts, which is to dispense justice, and the unquestioned ineffectiveness of the statute in reducing litigation. In excess of 100 cases involving OCGA § 9-11-9.1 have reached the appellate courts of Georgia since its inception in 1987.

2. Johnson further argues that she was excused from filing an affidavit based upon the incorrect information provided to her by Dr. Brueckner on the risks involved with surgery. However, this issue was not raised below and hence, is not appropriate for appellate review. *Holtapp v. City of Fayetteville*, 208 Ga. App. 606 (431 SE2d 403) (1993).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 16, 1994 —
RECONSIDERATION DENIED JANUARY 12, 1995.

*Richardson & Chenggis, George G. Chenggis,* for appellant.
*Sullivan, Hall, Booth & Smith, Terrance C. Sullivan, T. Andrew Graham,* for appellees.