A97A1203. FINLON v. THE STATE.
(491 SE2d 458)

Judge Harold R. Banke.

Kenneth Carl Finlon was convicted of driving under the influence ("DUI") (less safe to drive), attempting to elude, and speeding. On appeal he enumerates three errors, each challenging the sufficiency of the evidence.

This case arose after the arresting officer observed Finlon's motorcycle speeding up the highway at 78 mph in a 55 mph zone. *Price v. State,* 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). The officer activated his lights and siren and gave chase. Finlon continued for over three miles before stopping. The officer testified that when Finlon finally stopped, he appeared so intoxicated that he needed assistance to dismount the bike. After reading Finlon the implied consent warning, the officer transported him to the local jail for testing. There he failed to blow into the intoximeter with sufficient force to garner a result. *Held:*

1. We reject Finlon's contention that the speeding charge must be reversed because the State failed to establish that (1) he received notice of his right to have the radar device's accuracy tested; (2) signs warning of the use of speed detection devices were posted, OCGA § 40-14-6; and (3) the highway grade was less than seven percent where the radar was used, OCGA § 40-14-9. Having read and considered the trial transcript, we fail to see that an admissibility ruling was invoked on any of these issues. *Nairon v. State,* 215 Ga. App. 76, 77 (2) (449 SE2d 634) (1994). Accordingly, Finlon failed to preserve them for review. Id.; see *Holtapp v. City of Fayetteville,* 208 Ga. App. 606, 607 (1) (431 SE2d 403) (1993).

2. The evidence was sufficient to support the attempting to elude charge. *Jackson v. Virginia,* 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979) (The evidence is sufficient if, when viewed in the light most favorable to the verdict, a rational juror could find all the

essential elements of the crime). The record shows that the officer was on patrol in a marked squad car. He followed Finlon for over three miles with the siren and blue lights flashing before the chase concluded. At one point, Finlon looked back at the officer. The officer testified that Finlon's was the only vehicle in sight when the chase began and the motorcycle could have stopped safely anywhere along the way. This evidence was sufficient to permit the trier of fact to conclude that the State proved the elements of OCGA § 40-6-395 (a) beyond a reasonable doubt. See *Cook v. State*, 180 Ga. App. 877, 878 (1) (350 SE2d 847) (1986). The fact that the element of wilfulness was established circumstantially does not alter that conclusion. See *Kinney v. State*, 155 Ga. App. 95 (1) (270 SE2d 209) (1980). No evidence supports Finlon's theory that he failed to stop due to concerns for his safety.

3. Finlon also challenges the sufficiency of the evidence supporting the DUI charge. The arresting officer testified that he had made 400 or 500 alcohol-related arrests and, in his experience, Finlon was intoxicated. *Lewis v. State*, 214 Ga. App. 830, 832 (1) (449 SE2d 535) (1994) (officers may give opinion testimony on less safe to drive issue). The officer observed Finlon speeding and weaving within his lane during the chase. Once stopped, the officer reported that Finlon was too drunk to dismount and strongly smelled as though he had been drinking. At the jail, Finlon appeared disoriented, leaned against the wall to avoid falling, slurred his speech, and had urinated on himself. Finlon admitted he had been drinking that day. This evidence is sufficient to support the conviction. Notwithstanding Finlon's inference to the contrary, proof of an unsafe act is not required for his conviction to stand. See *Ayers v. City of Atlanta*, 221 Ga. App. 381 (1) (471 SE2d 240) (1996).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 22, 1997.

*Frank W. Hamilton*, for appellant.
*Leslie C. Abernathy, Solicitor, Alice B. Kamerschen, Assistant Solicitor*, for appellee.