## A03A0079. ENGLISH v. THE STATE.
(582 SE2d 136)

SMITH, Chief Judge.

Devonis English was cited for numerous traffic violations. He was found guilty of all charges following a bench trial in City Court of Atlanta. Several of the charges were merged and dismissed for sentencing purposes. He appeals from the convictions and sentences entered on the charges of reckless driving, no insurance, and fleeing or attempting to elude a police officer, challenging the sufficiency of the evidence as to all three convictions. We find that the evidence was sufficient to support English's convictions on the charges of reckless driving and fleeing or attempting to elude a police officer. We conclude, however, that the evidence was insufficient to support his conviction for driving without insurance, and we reverse that conviction.

The evidence presented at trial showed that on March 27, 2002, Officer Andrian Jordan of the Atlanta Police Department was on duty monitoring the intersection of Oakland Drive and Almont Drive in Atlanta, when he observed a Ford Thunderbird drive through a stop sign. Jordan activated his blue lights and siren and pulled over the Thunderbird. As Jordan exited the patrol car and was about five feet away from the Thunderbird's trunk, the Thunderbird pulled off with its "tires screeching." Jordan pursued the Thunderbird in the patrol car, as the Thunderbird ran several more stop signs, scattering pedestrians trying to cross the street. Jordan caught up to the Thunderbird just before the driver "bailed out" of the car and fled on foot across an open field to a house. Jordan remained outside the

house waiting for backup. When backup officers arrived, one of them entered the house and brought the man later identified as English out on the porch, where Jordan identified him as the driver. When English's name was checked through computer records, it showed that his driver's license had been revoked and, "also, there was no insurance for vehicle."

1. English contends the evidence was insufficient to support his conviction for fleeing or attempting to elude a police officer, OCGA § 40-6-395. The statute provides:

> It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

OCGA § 40-6-395 (a).

English argues that the burden is on the State to establish each element of the crime charged beyond a reasonable doubt and that the record does not show that Officer Jordan was in uniform, that he prominently displayed his badge, or that his vehicle was appropriately marked. He argues that the elements of the crime therefore were not proved. We do not agree.

The statute's objective is to ensure that a violation is found only when the evidence permits a rational factfinder to conclude beyond a reasonable doubt that the individual fleeing "could not reasonably mistake the pursuing police car for something else." (Punctuation omitted.) *Ray v. State*, 233 Ga. App. 162, 164 (1) (503 SE2d 391) (1998). "Clearly, the type of clothing that the officer was wearing, or the presence of a specific type of badge, would be irrelevant when considering whether" a person fleeing rapidly in his vehicle "was aware that he was being pursued by a police officer, particularly when the patrol car's lights and siren are activated. [Cit.]" Id. at 165 (1). This court has held that when "the evidence shows that the officer was on patrol and in his patrol car and had his blue light flashing and siren sounding, the jury may rationally conclude the elements of the code section are proved beyond a reasonable doubt. [Cit.]" *Cook v. State*, 180 Ga. App. 877, 878-879 (1) (350 SE2d 847) (1986). See also *Finlon v. State*, 228 Ga. App. 213-214 (2) (491 SE2d 458) (1997). The evidence presented was sufficient to permit the trial

court to find English guilty of fleeing and attempting to elude under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. English asserts that insufficient evidence was presented at trial to support a conviction for reckless driving. The uniform traffic citation (UTC) issued by the officer indicated that the reckless driving occurred at the intersection of Oakland Drive and Almont Drive, but the record shows that the only offense that occurred at that location was English's failure to stop at a stop sign. Officer Jordan testified that the basis for the charge of reckless driving was English's conduct in forcing pedestrians to "jump and dodge out of the way" because English was "driving at a high rate of speed all over the roadway." According to the officer's testimony, however, this did not occur at the intersection cited in the UTC, but instead at two other intersections. This contention is without merit.

OCGA § 40-6-390 (a) provides: "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." To establish a violation of this statute, the State needed only to present evidence showing that English drove in a manner that exhibited reckless disregard for the safety of persons or property. *Klaub v. State*, 255 Ga. App. 40, 42 (1) (564 SE2d 471) (2002). This court has found that evidence that an individual is traveling at excessive speeds, thereby endangering others on the road, is sufficient to support a conviction of reckless driving. *Duncan v. State*, 202 Ga. App. 456 (415 SE2d 7) (1992). The evidence showed that English had been driving recklessly when initially stopped, close to the intersection of Oakland Drive and Almont Drive, the intersection named on the citation, as well as throughout the chase.

Moreover, the exact location of the reckless driving is not a material element of the offense, as long as it occurred within the jurisdiction. *Chavous v. State*, 205 Ga. App. 455, 456 (1) (422 SE2d 327) (1992). No dispute exists that English drove with reckless disregard for persons and property within the city of Atlanta. Sufficient evidence was therefore presented to authorize the trial court to find English guilty of reckless driving under the standard of *Jackson v. Virginia*, supra.

3. English maintains the evidence was insufficient to find him guilty of driving without insurance in violation of OCGA § 40-6-10 (b). We are constrained to agree. The UTC charged English with "no insurance," a violation of OCGA § 40-6-10. Two different violations are encompassed by OCGA § 40-6-10. Subsection (a) (1) provides, in pertinent part: "Until January 31, 2003, the owner or operator of a motor vehicle for which minimum motor vehicle liability insurance coverage is required under Chapter 34 of Title 33 shall keep proof or evidence of required minimum insurance coverage in the vehicle at

all times during the operation of the vehicle." Subsection (b) provides, in pertinent part: "An owner or any other person who knowingly operates or knowingly authorizes another to operate a motor vehicle without effective insurance on such vehicle or without an approved plan of self-insurance shall be guilty of a misdemeanor."

The citation did not specify which subsection of the statute English was charged with violating. This court has held, however, that when a UTC describes the crime as "no insurance," as opposed to "no proof of insurance," it is properly construed as charging a violation of OCGA § 40-6-10 (b). *Thompson v. State*, 243 Ga. App. 878, 881 (1) (534 SE2d 151) (2000). A material element of subsection (b) is the driver's knowledge that the car is uninsured. The issue in this case is therefore whether the State proved that element beyond a reasonable doubt. We agree with English that it did not.

Officer Jordan testified that the computer check showed "no insurance for vehicle." Jordan also testified that English "did not produce any insurance information." Although English admitted he knew that his license had been revoked and admitted he had been driving his girlfriend's car, he made no admissions regarding any knowledge that any car he had driven was uninsured. It is true that such knowledge "may be inferred from other facts and circumstances." (Punctuation and footnote omitted.) *Thompson*, supra at 881 (2). In this case, however, we conclude that although the State may have proved that the vehicle was uninsured and that English was driving it without a license to drive, no evidence presented permits the inference beyond a reasonable doubt that English had knowledge that the car was uninsured. English's conviction for that offense therefore must be reversed.

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Miller, J., concur.*

DECIDED MAY 6, 2003.

*Tara D. Dickerson*, for appellant.
*Joseph J. Drolet, Solicitor-General, Madelaine C. Colbert, Assistant Solicitor-General*, for appellee.