### 22297. BALKCOM, Warden v. DEFORE.

QUILLIAN, Justice. On review from the grant of a writ of habeas corpus we must decide whether our abandonment statute, *Code Ann.* § 74-9902 (Ga. L. 1866, p. 151; 1878-79, pp. 66, 67; 1907, p. 57; 1941, pp. 481, 483; 1946, pp. 63, 64; 1952, pp. 173, 174; 1956, p. 800; 1960, pp. 952, 953) permits an individual to be sentenced to five consecutive sentences where he pleads guilty to abandoning his five children.

The indictment against the petitioner below, defendant in error here, was based on five counts, identical in form and substance, each of which charged him with the abandonment of a separate one of his minor children. Upon the defendant's plea of guilty, the trial judge sentenced him to serve five consecutive 12 month sentences, one for each count. The petitioner brought his action for habeas corpus against the respondent warden, in which he alleged that he had completed his first 12 month sentence; that he was only guilty of one offense of abandonment and the other four consecutive sentences are illegal and of no force.

Respondent filed a plea of res judicata contending that the petitioner had brought a prior petition, some six months after the date of his sentence, based on the same grounds, and answered denying the material allegations of the petition. The cause came on for hearing in the City Court of Reids-

ville. Beside documentary evidence showing the above related facts, the petitioner testified that he thought he was pleading guilty to one offense and not to five separate offenses, one for each child; that his previous petition for habeas corpus had been remanded because he had not completed his first 12 month sentence. (Although the previous habeas corpus order did not specify on what grounds the writ was denied, the bill of exceptions recites that it appeared the reason the petitioner was remanded was because he had not completed his first 12 month sentence.) The respondent testified that the petitioner had completed serving his first sentence but not the remaining four.

At the close of the evidence, the judge of the city court entered a judgment in which he found that the petitioner had been sentenced to five consecutive sentences growing out of one offense of adandonment and ordered that the petitioner be released. From that adverse judgment, the respondent brings his writ of error, assigning error on the same. *Held:*

1. No argument or citation of authority concerning the plea of res judicata was made either orally or in the plaintiff in error's brief. Hence, this issue must be treated as abandoned. *Kent v. Barrett Oil Co.,* 217 Ga. 750 (2) (125 SE2d 59); *Hill v. Merritt,* 146 Ga. 307 (4) (91 SE 204); *Tift v. McCaskill,* 171 Ga. 289 (3) (155 SE 192); *Enzor v. Holmes & Luckie,* 16 Ga. App. 375 (85 SE 348).

2. *Code Ann.* § 74-9902, supra, which punishes abandonment provides: "If any father or mother shall wilfully and voluntarily abandon his or her *child,* either legitimate or illegitimate, leaving *it* in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor . . ." (Emphasis ours). The plaintiff in error contends that since the language is in regard to a single child, and not children, that the offense is as to each child and the consecutive sentences were properly assessed. We can not agree with this argument. *Code* § 102-102 (4) provides that in the construction of statutes: "The singular or plural number shall each include the other, unless expressly excluded." Furthermore, our abandonment statute, until the 1895 Code, used the words "child or children," and undoubtedly the change as to the wording was made in recognition of the above stated rule.

Criminal statutes must be strictly construed against the State

and liberally in favor of the prisoner. *Matthews v. Everett,* 201 Ga. 730, 735 (41 SE2d 148); *Rouse v. State,* 4 Ga. 136, 139 (2); *Smith & Co. v. Evans,* 125 Ga. 109, 111 (53 SE 589). Applying this principle and *Code* § 102-102 (4), it seems evident that there can be only one offense for the same act of abandonment regardless of the number of children in one's family.

3. In making this ruling, we are cognizant of the fact that a single act may constitute more than one criminal offense; for instance, the firing of a single shot toward or at a group of people which might encompass separate acts of shooting at another, or reckless driving and collision with another automobile resulting in several deaths which might give rise to plural offenses of manslaughter or murder. See in this connection, *Webb v. State,* 68 Ga. App. 466 (23 SE2d 578). In each instance, where one act involves the commission of several separate offenses, the individual owed a separate duty to each member of society on whose interest the act infringed. This is not true where there is a responsibility owed collectively to the general public or certain individuals which the failure to observe results in but a single offense. *Mobley v. State,* 101 Ga. App. 317, 325 (4) (113 SE2d 654). In the instant case, the duty to support and provide necessaries for minor children, residing in and members of the same household, is owed to the children collectively.

4. The trial court had no jurisdiction to inflict punishment in addition to the first 12 month sentence, and as the want of such jurisdiction appeared on the face of the proceedings, the lower court properly released the defendant on habeas corpus. In re Snow, 120 U.S. 274 (7 SC 556, 30 LE 658); *Wells v. Pridgen,* 154 Ga. 397 (2) (114 SE 355); *Fleming v. Lowry,* 173 Ga. 894 (1) (162 SE 144). See *Goble v. Reese,* 214 Ga. 697, 699 (2) (107 SE2d 175).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

ARGUED JANUARY 13, 1964—DECIDED FEBRUARY 6, 1964.

*Eugene Cook, Attorney General, William L. Grayson, Howard P. Wallace, Albert Sidney Johnson, Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

Otis R. Defore, *pro se.*