**David M. SMART, Appellant,**

v.

**R. P. BALKCOM, Jr., Warden, Georgia State Prison, Appellee.**

**No. 22564.**

United States Court of Appeals Fifth Circuit.

Nov. 1, 1965.

Aaron Kravitch, Savannah, Ga., for appellant.

Peyton S. Hawes, Jr., Asst. Atty. Gen., Eugene Cook, Atty. Gen., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and BELL and COLEMAN, Circuit Judges.

BELL, Circuit Judge.

Appellant alleges in his petition for writ of habeas corpus that he was illegally convicted of two crimes in the Georgia courts in that they arose out of the same transaction, and also that his court appointed counsel failed to appeal his conviction. The District Court denied his petition on the ground of failure to exhaust state remedies, but without prejudice to his seeking a writ at an appropriate date in the future.

It appears that no relief was sought in the state court having jurisdiction of appellant. The claim for relief apparently involves the denial of counsel on the theory that he had no counsel to perfect the appeal. He also alleges double jeopardy and cruel and inhuman punishment under the Georgia "same transaction" doctrine. See Harris v. State, 1941, 193 Ga. 109, 118, 17 S.E.2d 573, 147 A.L.R. 980. There is no showing that appellant does not have a presently available remedy in the state court. We thus affirm the denial of the writ by the District Court on the basis that appellant deliberately bypassed a state remedy. Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The test to be applied in determining whether state remedies have been exhausted is well stated in our recent decision of Whippler v. Balkcom, 5 Cir., 1965, 342 F.2d 388:

"The current law of exhaustion is, at the very least, this: * * * If the habeas petitioner raises constitutional issues he has never presented to the state courts, and if the applicant may still present those issues, he must first exhaust his state remedies before applying for federal habeas corpus. However, scope of the state remedy may be so narrow as to be inadequate and the possibil-

ity of state relief may be so uncertain as to make resort to state courts ineffective. Indeed, relief may be foreclosed by state law. When a federal habeas petition raises a new constitutional issue it is necessary, therefore, to examine state law to determine the utility of applying the exhaustion principle."

 In this connection, the Georgia Supreme Court has long granted relief by way of habeas corpus in cases involving the denial of trial counsel. See Wilcoxon v. Aldredge, 1941, 192 Ga. 634, 15 S.E.2d 873, 146 A.L.R. 365, and the several cases cited in footnote 5, Whippler v. Balkcom, supra. Apparently that court has not yet considered the question of denial of counsel on appeal. It is now settled that an indigent defendant is entitled to counsel on appeal. Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. And see Pate v. Holman, 5 Cir., 1965, 343 F.2d 546. It is thus not clear that the remedy of habeas corpus will not lie in the state courts under the circumstances of this case. We are aware of the settled rule of the Supreme Court of Georgia that habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial procedure for correction of errors or irregularities alleged to have been committed by a trial court. See Cobb v. Balkcom, 5 Cir., 1964, 339 F.2d 95. We there pointed to the Georgia rule that the writ of habeas corpus is the appropriate remedy only when the trial court was without jurisdiction in the premises, or where it exceeded its jurisdiction in making the order, rendering the judgment, or passing the sentence by virtue of which the party is imprisoned, so that such order, judgment, or sentence is not merely erroneous, but is absolutely void. Deprivation of counsel is treated as being such a radical and fundamental error as to render the judgment void. Wilcoxon v. Aldredge, supra.

 In Whippler, supra, we noted the inability of state counsel to show that the use of the writ is not limited in Georgia as a post conviction remedy to denial of or inadequate representation by counsel cases, and it is true that its scope is narrow to say the least. See cases cited in footnote 6, Whippler, for examples where the use of the writ was barred by waiver. However, another situation where the writ is available as a post conviction remedy in Georgia is, as above pointed out, when there is an absence of jurisdiction. In a case somewhat similar on the "same transaction" question here, Balkcom v. Defore, 1964, 219 Ga. 641, 135 S.E.2d 425, a writ of habeas corpus was granted on the ground that of five consecutive sentences imposed on the applicant on his plea of guilty to abandoning his five children, four were improper since the abandonment was a single offense. The court said that the trial court had no jurisdiction to inflict punishment over and above the first of the sentences.

These authorities demonstrate that the appellant quite possibly has a state remedy by way of habeas corpus. The judgment of the District Court is correct.

Affirmed.