## S96G0662. JOHNSON v. THE STATE.
### (475 SE2d 595)

THOMPSON, Justice.

John Johnson was convicted of the offense of misdemeanor grade involuntary manslaughter. OCGA § 16-5-3 (b). He was sentenced to probation for a period of 12 months, conditioned in part upon successful completion of a 120-day program of confinement in a special alternative incarceration — probation boot camp — unit of the Department of Corrections. He was also ordered to remain incarcerated in the county jail until his acceptance into the boot camp program. On appeal to the Court of Appeals, Johnson asserted, inter alia, that both his attendance at boot camp and his incarceration until entering that program are unauthorized by law. The Court of Appeals upheld that portion of the sentence requiring Johnson's attendance at boot camp as a condition of misdemeanor probation, but it vacated that part of the sentence requiring his confinement until reporting to boot camp. *Johnson v. State,* 219 Ga. App. 547 (466 SE2d 63) (1995). We granted certiorari to determine whether a person convicted of a misdemeanor may be sentenced to attend boot camp as a condition of probation under OCGA § 42-8-35.1. For the reasons that follow, we reverse.

OCGA § 42-8-35.1 states in pertinent part, "the trial judge may provide that probationers sentenced for *felony offenses* committed on or after July 1, 1993, to a period of time of not less than one year on probation as a condition of probation must satisfactorily complete a program of confinement in a 'special alternative incarceration — probation boot camp' unit of the department for a period of 120 days. . . ." (Emphasis supplied.)[1]

The original version of OCGA § 42-8-35.1 was enacted during the 1982 legislative session. It amended the State-wide Probation Act,

---

[1] Johnson was convicted for an offense which occurred on September 11, 1994.

OCGA § 42-8-20 et seq., by allowing the sentencing court to require as a condition of probation that "a probationer sentenced to a period of time of not less than one year nor more than five years on probation" be required to complete a program of incarceration in a special alternative incarceration unit of the department of offender rehabilitation. (Ga. L. 1982, p. 1099.) The statute was amended in 1987 to eliminate the five-year restriction; however, it continued to apply to "probationers sentenced . . . to a period of time of not less than one year on probation . . . ." (Ga. L. 1987, p. 654.) In 1991, the Act was again amended by striking OCGA § 42-8-35.1 in its entirety and replacing it with a provision that created probation boot camp as an aspect of the special alternative incarceration program. It provided that certain probationers "sentenced to not less than one year on probation" may be required to satisfactorily complete a program of incarceration or confinement in a special alternative incarceration — probation boot camp — unit of the Department of Corrections. (Ga. L. 1991, p. 1751.) Finally, the 1993 amendment added the language that OCGA § 42-8-35.1 is applicable only to probationers "sentenced for felony offenses." (Ga. L. 1993, pp. 444-445.)[2]

The cardinal rule of statutory construction requires that we look to the intention of the legislature. And in so doing, the literal meaning of the statute prevails unless such a construction would produce unreasonable or absurd consequences not contemplated by the legislature. *Hardwick v. State*, 264 Ga. 161, 163 (442 SE2d 236) (1994). Not only does the unambiguous language of OCGA § 42-8-35.1 limit its application to felony probationers, it has been the legislative intent since enactment of the statute in 1982 that it be applied only to felony probationers — to those sentenced to "not less than one year."[3] Supporting this interpretation is " 'the venerable principle of statutory construction *expressio unius est exclusio alterius*: the express mention of one thing [felony offenses] implies the exclusion of another [misdemeanor offenses]; . . . . [Cit.]' " *Morton v. Bell*, 264 Ga. 832, 833 (452 SE2d 103) (1995).

As authority for a contrary construction, the Court of Appeals relied on OCGA § 17-10-1 (a), which applies to both misdemeanors and felonies, and which authorizes a sentencing judge to probate or suspend all or any part of a sentence, "under such rules and regulations as the judge deems proper. . . ." While we agree that the judge has broad discretion to determine the terms and conditions of proba-

---

[2] Subsequent amendments in 1993 and in 1995 have no bearing on this decision. See Ga. L. 1993, p. 1664, § 1 and Ga. L. 1995, p. 1302, § 14.

[3] A felony offense by statutory definition is one which is punishable by imprisonment for "more than 12 months." OCGA § 16-1-3 (5). The maximum punishment for a misdemeanor is a "term not to exceed 12 months." OCGA § 17-10-3 (a) (1).

tion, such discretion is not unfettered, but is limited by legislative mandate. Here, the legislature has expressly limited the application of OCGA § 42-8-35.1 to felony probation sentences.

Although we acknowledge that under OCGA § 17-10-1 (a) (3) (A), a trial court has the authority under certain circumstances to order confinement in a probation boot camp for a misdemeanor probationer whose sentence of probation is *revoked,* this provision does not confer authority under OCGA § 42-8-35.1 to order that an original misdemeanor probation sentence be served in boot camp. It was never intended that a misdemeanant be sentenced initially to serve probation in boot camp; however, an alternative incarceration program may benefit one who has been unsuccessful at completing routine probation. Each statute has a distinct goal and both can be harmonized to effectuate those purposes.[4]

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*L. Scott McLarty, Robert J. Motyka,* for appellant.
*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney,* for appellee.

---

[4] Subsequent to the 1993 amendment to OCGA § 42-8-35.1, the General Assembly enacted two companion statutes providing additional alternatives to incarceration for felony probationers, and certain misdemeanor probationers whose sentence of probation has been revoked. See OCGA §§ 42-8-35.4; 42-8-35.5. Designed to give the trial court sentencing alternatives short of total incarceration, these three statutes serve the dual purposes of promoting offender rehabilitation and alleviating prison overcrowding.