## A00A1602. BRADY v. THE STATE.
(541 SE2d 396)

ELLINGTON, Judge.

Terry Wayne Brady appeals his 12-month misdemeanor sentence for reckless conduct, OCGA § 16-5-60 (b). He contends his sentence is void because the trial court lacked authority to order that he serve his term of imprisonment in a probation detention center. For the reasons which follow, we reverse the sentence and remand for resentencing.

Brady was indicted in Pickens County for cruelty to children, OCGA § 16-5-70 (b), and obstruction of a police officer, OCGA § 16-10-24 (b). At a jury trial, the State presented evidence showing that on July 28, 1999, a foster care worker and sheriff's deputies intended to execute an emergency order to pick up the defendant's two-month-old daughter. The foster care worker and the deputies found Brady and the child at Cove Creek, where Brady, family members, and several underage companions were drinking vodka. For 30 minutes, Brady eluded the deputies: he waded across a hip-deep creek and ran through briers, holding his infant daughter like a football while shouting obscenities at his pursuers. When the deputies recovered the child, she was shaking and vomiting from the chase and had scratches and bruises on her head, torso, and leg.

The jury found Brady guilty on the misdemeanor obstruction charge but not guilty on the felony cruelty to children charge. Instead, they found him guilty of the lesser included misdemeanor offense of reckless conduct, OCGA § 16-5-60. The trial court sentenced Brady on the reckless conduct conviction to serve 12 months at the Carlton Colwell Probation Detention Center. This term of confinement was followed by a consecutive 12-month term of probation on the obstruction conviction. Brady argues that the trial court was not authorized to sentence him to confinement in a detention center for a misdemeanor offense and that his sentence, therefore, is void. We agree.

First, OCGA § 42-8-35.4 (a) allows a trial judge to impose, *as a condition of probation*, that a defendant satisfactorily complete a program of confinement in a probation detention center. The trial judge did not sentence Brady to a term of probation for reckless conduct. Rather, he imposed a continuous, uninterrupted 12-month period of incarceration at the probation detention center. Only Brady's sentence for obstruction was probated, and that future sentence does not begin until Brady's sentence for reckless conduct has been served. See, e.g., *Causey v. State*, 208 Ga. App. 389, 390 (3) (430 SE2d 594)

(1993). Neither OCGA § 42-8-35.4 nor § 17-10-3,[1] pertaining to punishment for misdemeanors generally, allows a court to direct that a misdemeanant serve a term of incarceration in a probation detention center.

Second, even if we were to interpret Brady's sentence for reckless conduct as a term of probation conditioned upon serving 12 months at a detention center, OCGA § 42-8-35.4 (a) still does not authorize the sentence. While a judge "has broad discretion to determine the terms and conditions of probation, such discretion is not unfettered, but is limited by legislative mandate." *Johnson v. State*, 267 Ga. 77, 78-79 (475 SE2d 595) (1996). Here, the legislature has expressly limited the application of OCGA § 42-8-35.4 to two classes of probationer. The statute authorizes confinement to a probation detention center as a condition of probation for: (1) those convicted of felonies and sentenced to a period of not less than one year on probation; and (2) those who were previously sentenced to probation or probation alternatives for either forcible misdemeanors or misdemeanors of a high and aggravated nature, who have violated that probation, and who subsequently are sentenced to a period of not less than one year on probation. OCGA § 42-8-35.4. Brady does not fall into either of these classes. See id. Further, the district attorney has presented us nothing which suggests any other statutory authority for this particular sentence, nor have we found any. "A sentence or portion thereof that is unauthorized by law is a nullity and void." (Citation omitted.) *Harrison v. State*, 201 Ga. App. 577, 583 (5) (411 SE2d 738) (1991). Consequently, we vacate Brady's sentence for reckless conduct and remand the case to the superior court for resentencing on that conviction.

*Sentence vacated and case remanded. Andrews, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 16, 2000.

*Jeffrey L. Floyd*, for appellant.
*Roger G. Queen, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.

---

[1] But see OCGA § 17-10-3 (a) (2), effective January 1, 2001, which provides that misdemeanors may be punished "[b]y confinement under the jurisdiction of the Board of Corrections in a state probation detention center or diversion center pursuant to Code Sections 42-8-35.4 and 42-8-35.5, for a determinate term of months which shall not exceed a total term of 12 months."