## A02A0174. BEATON v. THE STATE.
### (567 SE2d 113)

RUFFIN, Judge.

Jerry Lee Beaton was charged with five counts of aggravated assault, one count of terroristic threats, and two counts of possession of a firearm during the commission of a crime. Following a trial, a jury found Beaton guilty of four counts of reckless conduct as a lesser included offense of aggravated assault and one count of terroristic threats, but acquitted him of the remaining charges. On appeal, Beaton challenges the sufficiency of the evidence. Beaton also asserts that the trial court erred in charging the jury, admitting certain evidence, and in imposing an illegal sentence. For reasons that follow, we affirm the judgment, but vacate the sentence in part and remand for resentencing.

Viewed in a light to support the verdict, the evidence shows that Beaton and Denise Cauthran were married and had three children. The two eventually divorced, and Beaton began harassing Cauthran. On one occasion, he went to her house, threw her from her front porch, and beat her until she lost consciousness.

On June 16, 1999, Beaton called Cauthran and told her he was on his way over to deliver money for child support. According to Cauthran, she would no longer let Beaton in the house because she was afraid that he would kill her. When Beaton arrived, Cauthran sent her oldest child to speak to his father. The child returned and said that Beaton wanted to take the children out to dinner.

After the children left the house, Cauthran saw Beaton walking up to the house. When he reached the front door, he began turning the knob. To prevent Beaton from entering, Cauthran ducked under his arm and met him on the porch. Beaton told Cauthran that they needed to talk, and she said that they could talk on the porch. When Cauthran refused to let Beaton inside the house, he pulled out a gun and told Cauthran that he had "come over . . . to blow [her] f—king head off and [he did not] want to do it in front of [his] kids."

Cauthran tried to calm Beaton, who agreed to put the gun down.

At this point, the children were still in the yard. Cauthran told them to go to a neighbor's house. After the children left, Beaton told Cauthran he was "tired of messing with" her and that he was "going to blow her head off right here." When Beaton turned around to pick up the gun, Cauthran ran to her neighbor's house, and the neighbor called the police.

Officer Greg Beaty, who responded to the call, discovered Beaton on the front porch. Beaty ordered Beaton to walk toward him with raised hands "so [he] could make sure [Beaton] wasn't armed." Beaton refused and went inside the house. Beaty took cover behind Beaton's car in the driveway, and other law enforcement officers arrived and positioned themselves around the house. Deputy Gwen Maynor positioned herself at the front corner of the house. Detective Alan Miles moved to the rear of the house. Detective Vic Wells sat in his car in the driveway. Lieutenant John Gass joined Beaty behind Beaton's car in the driveway. And Officer Scott Jordan moved to the corner of the neighbor's house.

Beaton remained inside, waved his gun out of a front window, and threatened to shoot anyone who approached the house. He then fired a 9 millimeter pistol through the front door of the house. Eventually, a SWAT team was called in, and they flushed Beaton out of the house with tear gas.

1. In his first enumeration of error, Beaton argues that the trial court erred in denying his motion for acquittal on the five aggravated assault charges. Here, however, the jury convicted Beaton of four counts of reckless conduct,[1] which is a lesser included offense of aggravated assault.[2] And, having convicted Beaton of the lesser included offense, the jury implicitly acquitted him of the greater charge.[3] Such acquittal renders any challenge to the sufficiency of the evidence supporting the greater charge — aggravated assault — moot.[4]

2. Beaton also contends that there was insufficient evidence to support his four convictions for reckless conduct. OCGA § 16-5-60 (b), which criminalizes reckless conduct, provides that

[a] person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person

---

[1] The jury acquitted Beaton of reckless conduct against Officer Jordan, who was standing at the neighbor's house when the shot was fired.

[2] See *Shaw v. State*, 238 Ga. App. 757, 759 (1) (519 SE2d 486) (1999).

[3] See *McBride v. State*, 247 Ga. App. 767, 771 (2) (545 SE2d 332) (2001).

[4] See *Williams v. State*, 246 Ga. App. 347, 351-352 (1) (540 SE2d 305) (2000).

and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

Beaton essentially alleges that the evidence shows that the bullet did not come close enough to any of the victims to endanger their safety. Beaton's allegation lacks merit.

"The dangers posed by . . . senseless use of firearms cannot be overstated."[5] In this case, the evidence shows that Beaton fired a shot through the front door when he knew that there were multiple people outside the house. In so doing, Beaton disregarded the very real risk that the bullet could strike any one of those persons, and his conduct endangered them all. Under these circumstances, the jury was authorized to conclude that he was guilty of reckless conduct.[6]

3. In a related enumeration of error,[7] Beaton contends that the trial court erred in charging the jury that he could be found guilty of four separate counts of reckless conduct. According to Beaton, the act of firing a single shot constitutes a single crime, notwithstanding the number of victims. We disagree.

"[T]he legislature did not intend one crime to be included within another if each crime affected a different person."[8] Here, there were four officers present, and Beaton owed a separate duty to each officer to not endanger his or her safety. When Beaton fired the shot through the front door of the house — heedless of the consequences — he risked hitting any of those officers. Thus, he endangered them all and may be charged and convicted accordingly.[9]

The case cited by Beaton, *Balkcom v. Defore*,[10] does not require a different result. In *Balkcom*, the Supreme Court concluded that a father who abandoned his five children was guilty of one act of abandonment.[11] The Supreme Court reasoned that the abandonment constituted one offense because the duty the father owed was to the children, collectively, rather than to each child, individually.[12] In that same case, however, the Supreme Court noted that it was possible for

---

[5] *McDonald v. State*, 224 Ga. App. 411, 412 (481 SE2d 1) (1997).

[6] See id. at 412-413.

[7] In his brief, Beaton overlaps his first and second enumerations of error. For the sake of clarity, we address them separately.

[8] (Punctuation omitted.) *Hall v. State*, 235 Ga. App. 44, 47 (5) (508 SE2d 703) (1998).

[9] See, e.g., *Powles v. State*, 248 Ga. App. 4-5 (1) (a) (545 SE2d 153) (2001) (multiple convictions for aggravated assault do not merge where there are separate victims); *Cavender v. State*, 208 Ga. App. 61, 62 (1) (429 SE2d 711) (1993) (single shot fired at two people constitutes two acts of aggravated assault).

[10] 219 Ga. 641 (135 SE2d 425) (1964).

[11] See id. at 642-643 (2).

[12] See id. at 643 (3).

a single act to constitute more than one criminal offense.[13] As an example, the Supreme Court specified that "the firing of a single shot toward or at a group" would constitute multiple offenses.[14] This is so because the gunman owes "a separate duty to each member of society on whose interest the act [of shooting] infringed."[15] Thus, the very case upon which Beaton relies eviscerates his claim of error.

4. In his third enumeration of error, Beaton contends that the trial court erred in admitting evidence of a prior difficulty between him and his ex-wife. Specifically, Beaton cites Cauthran's testimony regarding the time Beaton threw her from her front porch and beat her until she lost consciousness.

Beaton was charged with terroristic threats against his ex-wife. Thus, the evidence regarding his prior assault against her was admissible as a prior difficulty.[16] On appeal, Beaton argues that the trial court was required to treat the prior difficulty as a similar transaction and analyze it accordingly. We find this argument unavailing. " 'There is no requirement that the prior difficulty consti- tute a similar transaction.' "[17] And the trial court was not obligated to treat it as such.[18] It follows that this claim of error presents no basis for reversal.[19]

5. In a related enumeration of error, Beaton asserts that Cauthran's testimony regarding the prior difficulty "was made even more prejudicial in light of the fact that [her] mother cried during the testimony in full view of the jury." The record reflects that Beaton's attorney informed the trial court that the mother was crying, and the court had the bailiff tell the mother that she had to leave the court- room if she could not "control herself." Evidently, the mother stopped crying, and no additional action was taken.

We are unable to discern any error in the trial court's conduct. Our Supreme Court has held that a trial court does not abuse its dis- cretion in denying a mistrial under similar circumstances.[20] Here,

---

[13] See id.

[14] Id.

[15] Id.

[16] See *Peterson v. State*, 274 Ga. 165, 170-171 (4) (549 SE2d 387) (2001) ("Evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim.").

[17] *Givens v. State*, 273 Ga. 818, 823 (4) (546 SE2d 509) (2001).

[18] See *Cobb v. State*, 254 Ga. App. 48, 51 (5) (561 SE2d 124) (2002) (rules regarding sim- ilar transactions do not apply to prior difficulties).

[19] In this enumeration of error, Beaton notes that Cauthran's testimony also "included testimony concerning an alleged assault [Beaton] made on [her] mother." Evidently, Cauthran's mother was injured when she attempted to intervene while Beaton was assault- ing her daughter. Pretermitting whether this should have been treated as evidence of a simi- lar transaction, Beaton did not address this contention in his argument and thus has waived the issue on appeal. See *Carter v. State*, 248 Ga. App. 821, 824 (4) (547 SE2d 613) (2001).

[20] See *Elliott v. State*, 190 Ga. 803, 807-808 (2) (10 SE2d 843) (1940).

however, Beaton neither requested a mistrial nor objected to the trial court's curative action. Accordingly, he has waived any error with respect to these issues.[21] To the extent Beaton argues that the mother's crying compounded the error of admitting evidence of the prior difficulty, this argument lacks merit. As discussed in Division 4, the trial court did not err in admitting this evidence. Thus, there was no error to compound.

6. In his final enumeration of error, Beaton contends that the trial court imposed an illegal sentence. With regard to two of the reckless conduct convictions, the trial court sentenced Beaton to serve twelve months in a detention center.[22] According to Beaton, the law does not permit the court to sentence him to incarceration in a detention center for a misdemeanor. We agree.

In *Brady v. State*,[23] the trial court sentenced the defendant to serve 12 months in a detention center for a misdemeanor reckless conduct conviction. This Court noted that nothing in OCGA § 17-10-3, which pertains to punishment for misdemeanors, "allows a court to direct that a misdemeanant serve a term of incarceration in a probation detention center."[24] Although the legislature subsequently amended that Code section to provide for such sentencing, the amendment was not effective until January 1, 2001.[25] As the legislature has made clear that the amendment is not retroactive,[26] it does not apply.[27] Accordingly, *Brady* controls, and we vacate Beaton's sentence for the two counts of reckless conduct and remand the case for resentencing.

*Judgment affirmed. Sentence vacated in part and case remanded. Pope, P. J., and Barnes, J., concur.*

DECIDED JUNE 19, 2002.

*Levitt & Levitt, Lloyd A. Levitt*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.

---

[21] See *Seidenfaden v. State*, 249 Ga. App. 314, 317 (2) (547 SE2d 578) (2001).
[22] Beaton does not challenge his sentence for the terroristic threat conviction or the two remaining reckless conduct convictions. Thus, we do not address them on appeal.
[23] 246 Ga. App. 412 (541 SE2d 396) (2000).
[24] Id. at 413.
[25] See id., n. 1; OCGA § 17-10-3 (g).
[26] See id.
[27] See *Palacios v. State*, 250 Ga. App. 794, 795 (554 SE2d 498) (2001).