## A03A0668. ANDERSON v. THE STATE.
(583 SE2d 549)

SMITH, Chief Judge.

Donald Anderson appeals his sentence for misdemeanor battery, contending that the probation sentence imposed upon him, 365 days to serve in a probation detention center, is unlawful. We agree. We therefore vacate his sentence and remand this case to the trial court for resentencing.

Anderson had been convicted previously of aggravated stalking, a felony. OCGA § 16-5-91. He received a five-year sentence, which was probated. His probation was revoked after he was arrested for aggravated assault, and he was ordered to serve the balance of his sentence (four years, five months, and twenty-eight days) in prison. At the trial on the aggravated assault charge, Anderson was found guilty of the lesser included offense of battery. The trial court sentenced him to a probated sentence of 365 days, to be served in a probation detention center. Anderson's motion to vacate the sentence was denied, and he appeals.

Anderson's argument is premised upon two statutes: OCGA §§ 17-10-3 and 42-8-35.4. OCGA § 17-10-3, setting forth the possible punishments for misdemeanors, was amended in 2000 to add new subsection (a) (2). It provides, in pertinent part:

> (a) Except as otherwise provided by law, every crime declared to be a misdemeanor shall be punished as follows: . . . (2) By confinement under the jurisdiction of the Board of Corrections in a state probation detention center or diversion center pursuant to Code Sections 42-8-35.4 and 42-8-35.5, for a determinate term of months which shall not exceed a total term of 12 months.

OCGA § 42-8-35.4, which was in existence when OCGA § 17-10-3 was amended, provides, in pertinent part:

> (a) In addition to any other terms and conditions of probation provided for in this article, the trial judge may require that a defendant convicted of a felony and sentenced to a period of not less than one year on probation or a defendant who has been previously sentenced to probation for a forcible misdemeanor as defined in paragraph (7) of Code Section 16-1-3 or a misdemeanor of a high and aggravated nature and has violated probation or other probation alternatives and is subsequently sentenced to a period of not less than one year on probation shall complete satisfactorily, as a condition of that probation, a program of confinement in a probation detention center.

Before the General Assembly amended OCGA § 17-10-3 in 2000, OCGA § 42-8-35.4 alone governed the use of probation detention centers as possible punishment for misdemeanors, and it was clear that misdemeanants could not be sentenced to serve time in a probation detention center unless confinement in such a center was ordered as a condition of probation and the offenders fit into the narrow classes of misdemeanants specifically addressed in OCGA § 42-8-35.4 (a).

In *Brady v. State*, 246 Ga. App. 412 (541 SE2d 396) (2000), the defendant was found guilty of misdemeanor reckless conduct, and the trial court sentenced him to serve 12 months at a probation detention center. On appeal, this court vacated Brady's sentence, finding that it was improper for two reasons. First, we found that the time to be served at the detention center was not imposed as a condition of probation but as a "continuous, uninterrupted 12-month period of incarceration." Id. Second, we concluded that the defendant did not fit into the two categories of probationer enumerated in OCGA § 42-8-35.4: those convicted of felonies and sentenced to a period of not less than one year on probation; and those previously sentenced to probation or probation alternatives for either forcible misdemeanors or misdemeanors of a high and aggravated nature, who have violated their probation and subsequently are sentenced to a period of not less than one year on probation. Id. at 413. We implied in a footnote, however, by using a "but see" signal, that when the amendment to OCGA § 17-10-3 became effective in January 2001, a different result might obtain. We reasoned that OCGA § 17-10-3 would permit the punishment of all misdemeanors " 'by confinement under the jurisdiction of the Board of Corrections in a state probation detention center or diversion center pursuant to Code Sections 42-8-35.4 and 42-8-35.5, for a determinate term of months which shall not exceed a total term of 12 months.' " Id. at 413, n. 1.

In *Beaton v. State*, 255 Ga. App. 901 (567 SE2d 113) (2002), we vacated another misdemeanor reckless conduct sentence ordering the defendant to serve 12 months in a probation detention center. We noted that the amendment to OCGA § 17-10-3 had become effective since *Brady* was decided. *Beaton*, supra at 905. We held nonetheless that because the legislature had made it clear that the amendment should not be applied retroactively and the offense in issue had taken place in 1999, *Brady* controlled. Id.

Because the amendment was not yet effective and did not apply in either *Brady* or *Beaton*, however, it was not necessary to reach the question of whether it conflicted with OCGA § 42-8-35.4. Any implication regarding its effect in those cases was therefore obiter dictum. To our knowledge, no case has squarely interpreted the 2000 amendment. No case has decided whether the amendment extends the option of probation detention center sentencing to all misdemeanors

and, if so, how it impacts the meaning of OCGA § 42-8-35.4. This appeal presents those questions of first impression.

We note initially Anderson's argument that here, as in *Brady*, the time in a probation detention center was not imposed as a condition of probation but as a continuous, uninterrupted period of incarceration. But the judgment clearly states that it is a probation sentence, and confinement in the detention center is made a special condition of probation.

Even assuming, however, that it was not a condition of probation, here, unlike *Brady*, we now have a statute in effect that provides that a misdemeanant may be punished "[b]y confinement under the jurisdiction of the Board of Corrections in a state probation detention center . . . pursuant to Code Section[ ] 42-8-35.4 . . . for a determinate term of months which shall not exceed a total term of 12 months." OCGA § 17-10-3 (a) (2). The State concedes that "technically" Anderson does not fall into either category specified in OCGA § 42-8-35.4 (a). He was not convicted of a felony in this case, and he was not previously sentenced to probation for a forcible misdemeanor or a misdemeanor of a high and aggravated nature.[1] Although Anderson was on probation for aggravated stalking when his probation was revoked, that offense was a felony. We must therefore decide whether the 2000 amendment to OCGA § 17-10-3 permits the imposition of a probation sentence of 12 months or less to serve in a probation detention center for any misdemeanor. We find that it does not.

As the State points out, the two statutes appear to be inconsistent, since OCGA § 17-10-3 now permits a misdemeanor sentence of 12 months or less in a probation detention center to be entered without condition, while OCGA § 42-8-35.4 provides that probation detention center sentences may be ordered in only two narrow circumstances. But we do not agree with the State that interpreting OCGA § 17-10-3 in the manner proposed by Anderson "leads to an absurd result." The construction proposed by Anderson is not "illogical," as urged by the State. Rather, the State's construction of OCGA § 42-8-35.4 is flawed. The statute does not address the situation in which a defendant is on probation for a felony, such as aggravated stalking. It does address the situation in which a defendant is presently being sentenced for a felony and part of his sentence is served on probation. In such case, if the probation portion of his sentence is "not less than one year," it may be served at a probation detention center.

Moreover, the construction proposed by Anderson is supported

---

[1] The trial court also conceded that attempting to fit Anderson into the requirements set forth in OCGA § 42-8-35.4 (a) could only be done under a "strained" reading of the statute.

by well-established principles of statutory construction. "If the plain language of the statute is susceptible of only one meaning, courts must follow that meaning unless to do so would produce contradiction or absurdity." *Sizemore v. State*, 262 Ga. 214, 216 (416 SE2d 500) (1992). OCGA § 17-10-3 expressly mentions OCGA § 42-8-35.4. Under its plain language, any misdemeanor sentence imposing a term in a probation detention center must be governed by OCGA § 42-8-35.4. The legislature could have provided simply that all misdemeanors may be punished by confinement in such centers. Instead, it chose to word the amendment so that it provides that misdemeanors may be punished by confinement in state probation detention centers "pursuant to Code Sections 42-8-35.4 and 42-8-35.5." We cannot render that language meaningless.

> We must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.

(Citations omitted.) *Osborne Bonding &c. Co. v. State of Ga.*, 224 Ga. App. 590, 591 (481 SE2d 578) (1997).

We must interpret the words "pursuant to Code Sections 42-8-35.4 and 42-8-35.5" as having some meaning. To do so, we rely on the principle that "the legislature may clarify or make explicit that which the statutory provision had previously made only implicit." (Citations and punctuation omitted.) *Osborne Bonding &c. Co.*, supra at 592-593. Before the amendment, OCGA § 17-10-3, the general statute listing possible sentences for misdemeanors, did not mention state probation detention centers. But under OCGA §§ 42-8-35.4 and 42-8-35.5, it was clear that misdemeanors could be punished by imposing a period of confinement in a probation detention or diversion center if the defendant fell into the narrow categories set forth in those Code sections. Because it was specifically provided for in other statutes, it was implicit in OCGA § 17-10-3. The amendment to OCGA § 17-10-3 merely made this possible punishment explicit. This construction harmonizes OCGA § 17-10-3 with OCGA §§ 42-8-35.4 and 42-8-35.5.

We conclude that because Anderson did not fit into any of the defendant categories eligible under OCGA § 42-8-35.4 for probationary sentencing to a term in a state probation detention center, the trial court erred in sentencing him to such a term. We therefore vacate Anderson's sentence and remand this case to the trial court for resentencing.

*Sentence vacated and case remanded for resentencing. Ruffin, P. J., and Miller, J., concur.*

DECIDED JUNE 17, 2003.

*Wanda S. Jackson*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.