## A03A1272. YATES v. THE STATE.
(587 SE2d 180)

JOHNSON, Presiding Judge.

A jury found William Yates guilty of driving under the influence of alcohol, driving without proof of insurance, driving after having been declared a habitual violator, driving with an altered license plate, driving with an open container of alcohol, and misdemeanor obstruction of a police officer. He appeals from the convictions entered on the verdict, urging that the trial court erred in denying his motion for a directed verdict of acquittal on the open container charge, and in requiring him to serve part of his sentence in a probation detention center. His arguments are without merit, so we affirm the judgment of the trial court.

1. Yates contends the trial court erred in denying his motion for a directed verdict of acquittal on the charge that he possessed an open container of alcohol while operating a motor vehicle. OCGA § 40-6-253 (b) (1) (B) makes it illegal for a person to possess an open alcoholic beverage container in the passenger area of a vehicle on the roadway. OCGA § 40-6-253 (a) (2) (A) defines "open alcoholic beverage container" as any bottle, can, or other receptacle that contains any amount of alcoholic beverage. Relying on the language of the latter statute, Yates argues that the state failed to prove that any open container in the car actually contained alcohol. For the reasons set out below, we find that a directed verdict of acquittal was not required.

On appeal the evidence is viewed in the light most favorable to support the verdict, and a defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] The standard for reviewing a challenge to the sufficiency of the evidence, whether enumerated as error on appeal or made in the form of a motion for directed verdict of acquittal at trial, is whether under the rule of *Jackson v. Virginia*,[2] the evidence was sufficient for

[1] *Young v. State*, 242 Ga. App. 681-682 (1) (530 SE2d 758) (2000).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[3]

Here, the officer testified that "there was a [sic] open bottle of beer actually on the front seat, a couple of beer cans, beer bottles on the actual console and in the passenger's floorboard appeared to be four — three or four beers still inside the package of a six-pack." The word "of," as used in "bottle *of* beer," can mean "containing" or "carrying."[4] Thus, the jury could have concluded from the officer's testimony that the "open bottle of beer" on the front seat was an open bottle *containing* beer. There was sufficient evidence to enable a rational trier of fact to find Yates guilty beyond a reasonable doubt of driving with an open container of alcohol under the standard of *Jackson v. Virginia*.[5] Therefore, the trial court did not err in denying his motion for a directed verdict of acquittal on the open container charge.

2. Yates contends the trial court erred in sentencing him to confinement in a probation detention center for misdemeanor offenses that were committed in March 2000. Yates points out that the statute which permits the court to sentence a person convicted of a misdemeanor to serve time in a probation detention center, OCGA § 17-10-3 (a) (2), was not effective until January 1, 2001. He urges that the sentences imposed violate the ex post facto clauses of the state and federal constitutions. Because Yates has not shown that application of the statute as amended inflicts upon him a greater punishment than the law annexed to the crimes at the time they were committed or that it alters his situation to his disadvantage, we disagree.

Generally, statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown.[6] Where a crime is committed on a certain date, the penalty which attached to the crime on that date is the penalty exacted by our law.[7] The ex post facto laws prohibited by the state and federal constitutions refer to laws *which increase the punishment or alter the situation of the accused to his detriment.*[8]

Yates is correct that the trial court was required to impose the sentence provided for by the law in force at the time the crime was committed.[9] Prior to January 1, 2001, nothing in OCGA § 17-10-3, which pertains to punishment for misdemeanors, allowed a court to

---

[3] See *Young*, supra at 682 (1).

[4] American Heritage Dictionary of the English Language (3rd ed. 1996).

[5] See generally *Duren v. State*, 252 Ga. App. 257, 261 (555 SE2d 913) (2001).

[6] OCGA § 1-3-5; *Logan v. State*, 212 Ga. App. 734, 736 (1) (b) (442 SE2d 883) (1994).

[7] *Holtapp v. City of Fayetteville*, 208 Ga. App. 606, 608 (3) (431 SE2d 403) (1993); see *Riley v. State*, 243 Ga. App. 697, 698 (534 SE2d 437) (2000).

[8] *Holtapp*, supra; *Logan*, supra.

[9] *Holtapp*, supra.

order a person convicted of a misdemeanor to be incarcerated in a probation detention center.[10] Although the legislature later amended that Code section to provide for such sentencing, the amendment was not effective until January 1, 2001.[11] The legislature made clear that the amendment is not retroactive, so it does not apply to offenses committed in March 2000.[12]

Nonetheless, our analysis does not end here because we must also examine the issue of whether the amended statute inflicts a greater punishment or alters Yates' situation to his detriment.[13] Before it was amended, OCGA § 17-10-3 allowed, among other types of punishment, confinement in the county or other jail, county correctional institution, or other such places as counties may provide for maintenance of county inmates; it did not provide for confinement in a detention center. Yates maintains that the statute as amended inflicts a greater punishment in that his incarceration may be prolonged because, had he been sentenced to serve time in the county jail rather than in a detention center, he would have been eligible for parole or for an early release for good behavior. We are not persuaded by this argument.

OCGA § 17-10-1 (a) (5) (A) allows the court to shorten the period of probation on motion of the court or of the defendant, if the court determines that probation is no longer necessary or appropriate for the ends of justice, the protection of society, and the rehabilitation of the defendant. In fact, the trial judge noted at the hearing on the motion for a new trial that the trial court has authority, and often is called upon, to lessen the sentence of a probationer serving time at a detention facility. Yates cites no authority for the proposition that serving a sentence in a probation detention center is greater punishment than serving a sentence in a county jail, and we cannot agree that it is. In light of Yates' failure to demonstrate on the record an increase in punishment or alteration of his situation to his disadvan-

---

[10] *Beaton v. State*, 255 Ga. App. 901, 905 (6) (567 SE2d 113) (2002).

[11] See id.

[12] Id.; OCGA § 17-10-3 (g).

[13] We note that this issue was not addressed in *Brady v. State*, 246 Ga. App. 412 (541 SE2d 396) (2000), or *Beaton*, supra, so those decisions provide no guidance as to the increased punishment aspect of the ex post facto analysis. The punishment issue, however, is critical. See, e.g., *Brantley v. State*, 268 Ga. 151, 153 (2) (486 SE2d 169) (1997) (no ex post facto violation where statute did not establish a greater penalty or alter accused's situation to his disadvantage); *Holtapp*, supra (ex post facto violation where court applied enhanced sentence provisions effective after crime committed); *Taylor v. State*, 181 Ga. App. 199, 200 (2) (351 SE2d 723) (1986) (court violated ex post facto provision of constitution by applying new sentencing statute which increased first offender's sentence from maximum of probation to a term in confinement).

tage, we conclude that there was no violation of the ex post facto clause.[14]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED SEPTEMBER 2, 2003.

*John L. Land,* for appellant.
*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney,* for appellee.

---

[14] See *Garner v. Jones,* 529 U. S. 244, 251-255 [1C] (120 SC 1362, 146 LE2d 236) (2000) (no ex post facto clause violation because defendant did not prove that the amendment created a significant risk of increased punishment). See generally *Brantley,* supra.