S06A0105. WILSON et al. v. WINDSOR.
(630 SE2d 367)

THOMPSON, Justice.

Robert Alton Windsor, Jr., pled guilty to the misdemeanor offenses of habitual violator (Count 1), driving under the influence (Count 2), possession of marijuana (Count 3), and operating a vehicle without proof of insurance (Count 4). He was sentenced to 12 months probation on each of the first three counts (to be served consecutively), and a $25 fine on the last count. Thereafter, Windsor's probation was revoked three times for repeated failures to report to probation officers, to pay fines, to perform community service, and to obtain substance abuse counseling. Each time the court revoked probation, it increased Windsor's sentence; ultimately, it sentenced Windsor to serve between 240 and 300 days in a probation detention center.

Windsor filed a petition for habeas corpus relief, asserting his sentence was "illegal." In this regard, Windsor claimed he could not be sentenced to serve time in a probation detention center because his conviction stemmed from a misdemeanor. The habeas court agreed and ordered Windsor's release from the probation detention center "and all other confinement" instanter. This appeal followed.

1. OCGA § 42-8-35.4 sets out the circumstances under which a defendant can be confined in a probation detention center. In pertinent part, this Code section reads as follows:

___

(a) In addition to any other terms and conditions of probation provided for in this article, the trial judge may require that a defendant convicted of a felony and sentenced to a period of not less than one year on probation or a defendant who has been previously sentenced to probation for a forcible misdemeanor as defined in paragraph (7) of Code Section 16-1-3 or a misdemeanor of a high and aggravated nature and has violated probation or other probation alternatives and is subsequently sentenced to a period of not less than one year on probation shall complete satisfactorily, as a condition of that probation, a program of confinement in a probation detention center. Probationers so sentenced will be required to serve a period of confinement as specified in the court order, which confinement period shall be computed from the date of initial confinement in the probation detention center.

Under this Code section, our courts can order the confinement of a defendant or a probation violator in a probation detention center, but only if (1) he was convicted of a felony and sentenced to a period of not less than one year on probation, or (2) he was put on probation previously for a forcible misdemeanor, or misdemeanor of a high and aggravated nature, and upon the violation of probation was subsequently sentenced for a period of not less than one year. See *Anderson v. State*, 261 Ga. App. 716, 717 (583 SE2d 549) (2003); *Brady v. State*, 246 Ga. App. 412, 413 (541 SE2d 396) (2000). See also *Yates v. State*, 263 Ga. App. 29, 30 (2) (587 SE2d 180) (2003). If a probation violator does not meet the criteria for confinement in a probation detention center, or other probation alternatives,[1] a court can revoke the balance of probation or confine the violator for not more than two years. OCGA § 42-8-34.1 (c). Inasmuch as Windsor did not meet the criteria for confinement in a probation detention center, his confinement in such a facility was unauthorized.

OCGA § 17-10-3 (a) (2)[2] does not give our courts authority to confine a misdemeanant in a probation detention center. As the Court of Appeals observed in *Anderson v. State*, supra:

---

[1] These include community service, diversion centers, special alternative incarceration, "or any other alternative to confinement deemed appropriate by the court or as provided by the state or county." OCGA § 42-8-34.1 (c).

[2] This subsection reads:
(a) Except as otherwise provided by law, every crime declared to be a misdemeanor shall be punished as follows: . . .
(2) By confinement under the jurisdiction of the Board of Corrections in a state probation detention center or diversion center pursuant to Code Sections 42-8-35.4 and 42-8-35.5 for a determinate term of months which shall not exceed a total term of 12 months.

> "If the plain language of the statute is susceptible of only one meaning, courts must follow that meaning unless to do so would produce contradiction or absurdity." *Sizemore v. State,* 262 Ga. 214, 216 (416 SE2d 500) (1992). OCGA § 17-10-3 expressly mentions OCGA § 42-8-35.4. Under its plain language, any misdemeanor sentence imposing a term in a probation detention center must be governed by OCGA § 42-8-35.4. The legislature could have provided simply that all misdemeanors may be punished by confinement in such centers. Instead, it chose to word the amendment so that it provides that misdemeanors may be punished by confinement in state probation detention centers "pursuant to Code Sections 42-8-35.4 and 42-8-35.5." We cannot render that language meaningless.

Id. at 719. Similarly, a court cannot rely upon OCGA § 17-10-1 (a) (3) (A)[3] to confine *any* probation violator in a probation detention center. This subsection allows a court to assign certain types of probation violators to various kinds of confinement facilities. But it must be read in pari materia with OCGA § 42-8-35.4. See *Ryan v. Commrs. of Chatham County,* 203 Ga. 730 (48 SE2d 86) (1948) (statutes relating to same subject matter are construed together and harmonized whenever possible). Reading these Code sections together, we find that a court can confine a probation violator in a probation detention center, but not if his probation is revoked for any of the reasons enumerated in OCGA § 17-10-1 (a) (3) (A), and only if he was put on probation previously for a forcible misdemeanor or a misdemeanor of a high and aggravated nature. OCGA § 42-8-35.4. If, as the State contends, our construction of these statutes removes a useful tool from a sentencing court's toolbox, it should seek redress in the legislature.

2. Upon remand, the habeas court shall order the imposition of a new sentence. See *DeFrancis v. Thompson,* 239 Ga. 785, 786 (239 SE2d 14) (1977); *Anderson v. State,* supra.

---

[3] This subsection reads:
   Any part of a sentence of probation revoked for a violation other than a subsequent commission of any felony, a violation of a special condition, or a misdemeanor offense involving physical violence resulting in bodily injury to an innocent victim which in the opinion of the trial court constitutes a danger to the community or a serious infraction occurring while the defendant is assigned to an alternative probation confinement facility shall be served in a probation detention center, probation boot camp, diversion center, weekend lock up, or confinement in a local jail or detention facility, or other community correctional alternatives available to the court or provided by the Department of Corrections.

*Judgment affirmed and case remanded with direction. All the Justices concur, except Carley, Hines and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

The question presented in this case is whether, upon revocation of Windsor's probation, the trial court should have applied OCGA § 42-8-35.4, which limits the use of probation detention centers to felons and certain misdemeanants, or OCGA §§ 17-10-1 (a) (3) (A) and 42-8-34.1 (c), which expand the use of probation detention centers to other misdemeanants whose probation has already been revoked. Here, Windsor's probation had already been repeatedly revoked, and the trial court properly confined him to a detention center pursuant to OCGA § 17-10-1. Accordingly, I respectfully dissent.

Windsor was originally sentenced to twelve months probation for three misdemeanor counts to be served consecutively. After repeated violations, it became clear that traditional avenues for probation such as regular reports to an officer, payment of fines, community service, and substance abuse counseling were not working. The legislature enacted OCGA § 17-10-1 to address this issue by allowing, among other alternatives, for confinement in a probation detention center when other forms of probation enforcement have failed. The determinative issue in this case is whether OCGA § 42-8-35.4 overrides application of OCGA § 17-10-1 and thus limits a trial court's use of probation detention centers to only felons and a much smaller category of misdemeanants. In *Johnson v. State*, 267 Ga. 77 (475 SE2d 595) (1996), we recognized that, by its express terms, OCGA § 17-10-1 (a) (3) (A) allows for the use of certain confinement options for violating probationers when these same methods would otherwise be barred in the initial sentencing phase, and stated:

> [W]e acknowledge that under OCGA § 17-10-1 (a) (3) (A), a trial court has the authority under certain circumstances to order confinement in a probation boot camp for a misdemeanor probationer whose sentence of probation is *revoked*. ... It was never intended that a misdemeanant be sentenced initially to serve probation in boot camp; however, an alternative incarceration program may benefit one who has been unsuccessful at completing routine probation. Each statute has a distinct goal and both can be harmonized to effectuate those purposes.

(Emphasis in original.) Id. at 79.[4]

---

[4] Because probation detention centers and probation boot camps share analogous statutory limitations, the logic unanimously applied in *Johnson* applies here.

Windsor is a misdemeanor probationer whose sentence has been revoked due to repeated violations. As a result, an "alternative incarceration program may benefit" Windsor, as he has been "unsuccessful at completing routine probation." *Johnson*, supra. The legislature has wisely placed statutory limitations on the confinement of misdemeanants upon their initial sentencing. However, I cannot agree that the General Assembly intended to bind the hands of trial judges faced with probationers who disregard their original sentence.

*Anderson v. State*, 261 Ga. App. 716 (583 SE2d 549) (2003), which is relied upon by the majority for its contrary conclusion, is wholly distinguishable from the situation at hand. In *Anderson*, the defendant was sentenced to a probation detention center in his initial sentencing and, in applying OCGA § 42-8-35.4, the Court of Appeals correctly vacated the sentence. Unlike *Anderson*, we are faced with the propriety of punishment for a revoked sentence. Therefore, *Anderson* simply has no application here.

I am authorized to state that Justice Carley and Justice Hines join in this dissent.

DECIDED MAY 8, 2006 —
RECONSIDERATION DENIED JUNE 12, 2006.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellants.
*William F. Todd, Jr.*, for appellee.