## S06A0515. WILSON v. BRAY.
(630 SE2d 395)

HUNSTEIN, Presiding Justice.

This case is controlled by our opinion in *Wilson v. Windsor*, 280 Ga. 576 (630 SE2d 367) (2006). The record establishes that appellee Bray, like the probationer in *Wilson v. Windsor*, did not meet the criteria for confinement in a probation detention center under OCGA § 42-8-35.4[1] and thus his confinement in such a facility was unauthorized. *Wilson v. Windsor*, supra. Accordingly, we affirm the habeas corpus court and remand for imposition of a new sentence. Id.

*Judgment affirmed and case remanded with direction. All the Justices concur, except Carley, Hines and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

For the reasons set forth in my dissent in *Wilson v. Windsor*, 280 Ga. 576 (630 SE2d 367) (2006), I believe that the majority erroneously bases its decision on a misreading of those statutes allowing for an expanded use of probation detention centers in a situation where the misdemeanant's probation has already been revoked due to the inability to successfully complete routine probation. Accordingly, I dissent to the majority's summary affirmance of the habeas court and to the remand for imposition of a different sentence.

I am authorized to state that Justice Carley and Justice Hines join in this dissent.

DECIDED MAY 17, 2006 —
RECONSIDERATION DENIED JUNE 12, 2006.

---

[1] Bray pled guilty to (1) misdemeanor obstruction of an officer, (2) driving on a suspended license, (3) no proof of insurance and (4) improper tag. He was sentenced to twelve months probation on all four counts; the period for Counts 2 and 4 were to run concurrent with the probation for Count 1. He was also sentenced to 30 days in jail on consecutive weekends for Count 2. His probation was revoked approximately a year after his sentence because: he failed to report to probation officers; failed to pay required fines, surcharges, and probation supervision fees; failed to participate in a GED program or provide proof of attendance; and failed to serve the 30 days in jail on consecutive weekends. As a result, the trial court ordered Bray to serve at least 305 days, but not more than 365 days, in a probation detention center.

Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General, for appellant.
Daniel C. Chapman III, for appellee.