## A06A0985. CRENSHAW v. THE STATE.
### (634 SE2d 520)

PHIPPS, Judge.

Cynthia Crenshaw was tried by a jury and convicted of driving under the influence of alcohol to the extent it was less safe for her to drive, failure to maintain lane and possession of an open container of alcohol. She claims that the evidence was insufficient to support her conviction. We conclude that the evidence was sufficient and affirm.

"On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[1]

Viewed in this light, the record shows that on August 10, 2003, at approximately 2:00 a.m., Officer Robert Starrett of the City of Douglasville Police Department responded to a call at a BP station near the Chapel Hill Road exit of Interstate 20. Officer Phillip O'Neill met him there. Starrett saw a white Toyota pull into the parking lot and noticed that the front end was damaged and partially dragging the ground. He approached the driver, Crenshaw, and asked her if she was okay and what had happened. Crenshaw began crying and screaming that she wanted to kill herself. Starrett smelled a strong odor of alcohol on her breath and about her person. He also noticed that her eyes were watery and bloodshot and that she was not wearing pants. When asked why she was not wearing pants, Crenshaw responded that "she didn't want to pee herself." She put on her

---

[4] 202 Ga. App. 699 (415 SE2d 310) (1992).

[1] *Taylor v. State*, 278 Ga. App. 181 (1) (628 SE2d 611) (2006) (citation and punctuation omitted).

pants when Starrett asked her to exit the car. Starrett asked Crenshaw if she would agree to participate in field sobriety evaluations, but she refused and said, "I will go ahead and tell you I've had too many and I would blow way up there." Crenshaw tried to get back into her car, which was still running, but O'Neill stopped her and told her she was being arrested. O'Neill then read Crenshaw the implied consent notice and she refused to take the state-administered chemical test of her breath.

After Crenshaw was arrested, officers searched her car and found several open bottles of wine cooler in the passenger seat. Most of the alcohol had been consumed, but some remained in a few of the bottles.

Starrett asked Crenshaw how her car became damaged and she told him that she was exiting Interstate 20, going to Chapel Hill Road, and hit a sign. Starrett went to the scene of the accident that night and saw a turn arrow sign "laying flat on the ground from where the vehicle ran over it." Starrett testified that the damage to Crenshaw's car was consistent with having run over a road sign.

OCGA § 40-6-391 (a) (1) makes it unlawful for a person to drive a car while under the influence of alcohol to the extent it is less safe for that person to drive. The evidence was sufficient for a rational trier of fact to conclude that Crenshaw was a less safe driver than she would have been had she not been under the influence of alcohol.[2]

OCGA § 40-6-48 (1) provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Crenshaw clearly was not driving within a single lane when her car left the road and collided with the sign. The evidence was sufficient for a rational trier of fact to conclude that she was guilty beyond a reasonable doubt of failing to maintain a lane.[3]

OCGA § 40-6-253 (b) (1) (B) makes it unlawful for any person to possess any open alcoholic beverage container in the passenger area of a car that is on the roadway or shoulder of any public highway. An "open alcoholic beverage container" is defined as any bottle, can or other receptacle that contains any amount of alcoholic beverage, the contents of which are partially removed or which is open or has a broken seal.[4] There was sufficient evidence to enable a rational trier

---

[2] See *Shoemake v. State*, 266 Ga. App. 342, 345 (3) (b) (596 SE2d 805) (2004); *Viau v. State*, 260 Ga. App. 96, 97 (1) (a) (579 SE2d 52) (2003); *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

[3] See *Childress*, supra.

[4] OCGA § 40-6-253 (a) (2).

of fact to find Crenshaw guilty beyond a reasonable doubt of driving with an open container of alcohol.[5]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 17, 2006.

*Lawrence W. Daniel*, for appellant.
*Gregory R. Barton, Solicitor-General*, for appellee.

---

[5] See *Firsanov v. State*, 270 Ga. 873, 874 (1) (513 SE2d 184) (1999); see also *Yates v. State*, 263 Ga. App. 29, 30 (1) (587 SE2d 180) (2003).